[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 324 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 325 
The condition, upon which the payment of fifty per cent of the amount of the note was to operate as a satisfaction of the whole sum, was not performed. The payment was, by the agreement, to be a full satisfaction, provided all the other creditors agreed to a similar composition, but not otherwise. It was not pretended in the answer that all the creditors had agreed to accept the compromise, and the proof showed that there were several who claimed and received the full amount of their debts. The effect of the payment which was made upon the note in question was simply to satisfy the demand pro tanto. The residue was still owing, and an action on the original contract was the proper remedy for its recovery.
The plaintiff's counsel was right in his position, that the effect of the assignment could not be changed by parol evidence. According to the terms of that instrument, all the right, interest and property of Anthony Davis in the note were sold and transferred to the plaintiff. The parol evidence, if it was competent, showed that only a moiety of that interest was assigned, and that as to the other moiety an agency was created for the collection of the demand. No principle of the law of evidence is more familiar than that parol proof cannot be admitted to contradict a deed or other written instrument. It was formerly supposed that a parol defeasance might be set up to control the effect of a deed absolute on its face; but it has been settled, by a judgment of the late court for the correction of errors, that this cannot be done at law, or unless it be shown that fraud or mistake has intervened to produce an instrument which *Page 326 
does not truly represent the contract between the parties. (Webb v. Rice, 6 Hill, 219; S.C. in Supreme Court, 1id., 608, by Bronson, J.) It is true that a blank indorsement upon a note or bill of exchange does not preclude evidence that it was only intended to transfer the paper for the purpose of collection or in trust; but this is upon the ground that the written contract between the parties was left incomplete. (Seethe cases collected in Cowen Hill's Notes, 1473.) I do not see anything in the circumstances of this case to take it out of the principle referred to. The parol evidence which was offered and received was therefore incompetent. But the judge must have subsequently rejected the evidence given by the witness Anthony, though it is not so stated in the case; for if that evidence were legitimately before the court, and if it might lawfully control the effect of the assignment, then Anthony Davis were necessary parties, and the plaintiff could not have recovered for not having joined them as plaintiffs in the action. The question then arises whether it was not the duty of the judge after receiving the evidence, there being no subsequent order to expunge it, to give effect to it in the ultimate disposition of the cause; and whether it was not error to disregard it in his final ruling which determined the verdict. In Meyers v. Betts (5 Denio,
81), a referee received in evidence the account books of the defendant upon insufficient preliminary evidence, but on taking time to deliberate, after the evidence was closed and the parties had gone away, he concluded to reject the books, and made a report in favor of the plaintiff. The court held this to be erroneous, for, the judges said, it might be that the defendant would have given competent evidence but for the ruling by which his books were received. The principle thus decided certainly has some analogy to the question before the court, but it does not, in my opinion, govern it. If it had been conceded that a cotemporaneous parol agreement had been made to the effect proved by Anthony, it would still have been the duty of the court *Page 327 
and jury to have given effect to the writing in opposition to the verbal contract, on the ground that, whatever the parties may have said, they had fixed upon the writing as the exponent of their views. So, although the judge erred in admitting the parol evidence, it was not necessary for him to commit the further error of giving to it a controlling effect over the writing, which still remained the only authentic evidence of the bargain. Besides, the parties were present when the charge was given which, in effect, disregarded the parol evidence, and the defendant, had he seen fit, could then have asked leave to give other evidence if he had any which was competent. But the witness proved, in effect, that there was no writing containing the agreement which he says was made by parol. The defendant could not, then, have been injured by the disposition which was made of the incompetent evidence which he was permitted to give.
The defence, that receiving the assignment of the demand under the agreement sworn to by Anthony, and commencing a suit thereon, were acts of maintenance, was not taken in the pleadings. Nor was the objection properly taken on the trial. When the plaintiff had given his testimony and had rested, the defendant moved for a dismissal of the complaint, on the ground that the demand was not one which was capable of being assigned. This seems to have been based on the idea that the action was brought to set aside the compromise, whereas in fact it was on the note and to recover the unpaid balance, on the well grounded assumption that it was unaffected by the alleged compromise. The defendant added to the ground of his motion that the assignment was void for champerty and maintenance. There was not, at that time, any pretence for that imputation, as nothing had been shown but the simple fact of an assignment by Anthony Davis to the plaintiff. The motion was, therefore, properly overruled. After the defendant had given his evidence, consisting in part of the parol proof of the agreement to share in the fruits of the litigation, the *Page 328 
defendants' counsel, it is said, renewed the motion to dismiss the complaint, on the ground that the plaintiff could not maintain the suit because of the interest of Anthony Davis. This would not suggest to the judge's mind the difficulty now insisted on. The point of the objection, as stated, was, that Anthony Davis were, on account of their interest, necessary parties to the action, and that the plaintiff could not recover on account of the existence of such interest. It was essential for the defendants' counsel to raise the question before the circuit judge, whether an assignment, accompanied with an agreement such as was shown to exist in this case, was not illegal and void, if he would avail himself of it upon an appeal. In determining a question of illegality in respect to the law of champerty, the facts could, no doubt, be shown by parol, though, as regards the strictly private rights of parties, parol evidence would not be admissible. I am of opinion, therefore, that the question whether the transfer was void on the ground mentioned does arise upon this appeal. It has been for a long time doubted whether the law of maintenance, except as defined by the Revised Statutes, which do not touch the present question, now exists in this state. (Small v. Mott, 22 Wend., 403; S.C., 20id., 212.) The question has been presented to the court directly at the present term of the court in the case ofSedgwick v. Stanton, and we have held that illegal maintenance does not now exist except in the single case mentioned in the Revised Statutes.
The judgment appealed from should be affirmed.
Judgment affirmed. *Page 329