## WILLIAM BAKER v. JOHN M. CONNELL.

Parol evidence is admissible to show that the consideration expressed in an instrument under seal, and therein acknowledged to have been received, was not in fact paid; subject to the restriction that such evidence shall not have the effect of defeating the instrument, so as to render it void for the want of any consideration.

The amount of damages recoverable in an action brought for a sum fixed by agreement as liquidated damages, may be reduced, by proving that a certain portion of the consideration expressed in the agreement has not been paid. For such portion the defendant has a cause of action arising out of the same transaction, and may set it off against the plaintiff's claim for damages.

APPEAL by the defendants on a case and exceptions.

The action was brought to recover two thousand dollars, being the sum settled and fixed as liquidated damages to be paid by the defendant in case of a violation by him of an agreement, under seal, entered into between the parties, whereby the defendant in consideration of $3,000, "the receipt whereof is hereby acknowledged" sold and assigned to the plaintiff all his stock in trade, good will of business, &c., and covenanted under the penalty of forfeiture of $2,000, not to resume, carry on, or conduct in the City of New York, the business of a composition ornament manufacturer.

The answer averred that $2,000 was the real consideration

money of the agreement, and denied that the plaintiff had suf-
fered damages.

. On the trial, the defendant's counsel offered to prove that
the sum of three thousand dollars was never paid as considera-
tion of the agreement by the plaintiff to the defendant.

The plaintiff objecting, the objection was sustained. The
Court directed the jury to find a verdict for plaintiff, which
they did for two thousand four hundred and forty-three dollars.

The Court allowed the defendant twenty days to make a
case and bill of exceptions, the argument thereon to be heard
in the first instance by the Court at the General Term.

*George Carpenter*, for appellant.

*George W. Paine*, for respondent.

By the Court.—Daly, F. J.—The defendant averred in his
answer that but two thousand dollars of the three thousand
acknowledged in the agreement to have been received had
been paid, and upon the trial offered to show that the three
thousand dollars were never paid by the defendant. This I think
he had a right to show. Although an instrument under seal
acknowledges that the consideration expressed in it has been
received, parol evidence is admissible to show that it has not
been paid, so far as the question may affect the ultimate right
of the parties, the only restriction that has been imposed being
that such evidence shall not have the effect of defeating the
instrument so as to render it void for the want of any consid-
eration (*Shephard* v. *Little*, 14 Johns., 210; *McCrea* v. *Pur-
mort*, 16 Wend., 460; *Bingham* v. *Weidermax*, 1 N. Y. R. [1
Comst.], 509).

Such could not be the effect of the evidence here, as the
answer admitted that two thousand dollars had been paid, and
the defendant simply sought by his answer to avail himself, in
the action, of the defence that he had a subsisting claim
against the plaintiff under the same contract to the extent of
one thousand dollars. If this one thousand dollars had not
been paid, the defendant could maintain an action to recover
it, notwithstanding the acknowledgment in the agreement that
it had been received (*Bowen* v. *Bell*, 20 Johns., 338). It
was, in the language of the Code, a cause of action arising

out of the contract, for the breach of which in another particular by the defendant, the plaintiff brought this action, and it was therefore a good counter-claim which the defendant might offset against the amount of the stipulated damages liquidated and fixed by the agreement.

The offer was made in a way that might well, and probably did, mislead the Court. It should have been an offer to show that one thousand dollars of the consideration money had not been paid, which the defendant claimed to have deducted from the two thousand dollars stipulated damages, and had it been thus intelligibly submitted, the Judge would, no doubt, have received the evidence. If that had been done, and the Judge's attention called to the averment in the defendant's answer, he would have seen that the defendant was entitled, if he proved the fact, to have the one thousand dollars allowed him in this action.

Upon all the other questions the ruling of the Judge was correct, but unless the plaintiff agrees to reduce the recovery by remitting the one thousand dollars, there must be a new trial.

Ordered accordingly.