VINCENT A. ERRICO AND OTHERS, APPELLANTS, *v.* SAMUEL BRAND, RESPONDENT.

*Memorandum of sale — when the real agreement may be shown though at variance with it.*

This action was brought to recover the possession of certain personal property, delivered to the defendant's intestate upon the agreement that he should sell the same within sixty days for a certain price, and pay over to the plaintiffs the amount received therefor, and in case he failed to effect such sale, that he should return the property to them. Upon the trial the defendant produced an

unsigned memorandum given by the plaintiff at the time of delivering the goods, by which it appeared that the goods were sold to the intestate upon a credit of sixty days. *Held,* that the plaintiff was not thereby precluded from showing the *true nature* of the transaction, even though it differed from the statement which they had made of it by their written admission.

*Durgin* v. *Ireland* (14 N. Y., 322) and *Bonesteel* v. *Flack* (41 Barb., 435) distinguished.

APPEAL from judgment in favor of the defendant, entered on the report of a referee.

*Mord Lewis,* for the appellant.

*M. M. Friend,* for the respondents.

DANIELS, J.:

This action was brought to recover possession of personal property delivered by the plaintiffs to J. Platky, since deceased, and received by the defendant as one of the administrators of his estate. At the time of the delivery of the property by the plaintiff, they also delivered an unsubscribed memorandum in the following words:

NEW YORK, *October* 30, 1875.

Mr. J. Platky, bought of Errico Brothers, importers of coral and shell jewelry; terms sixty days:

| | |
|---|---:|
| 111¾ dwt., 18 k. vest chains........................... | $111 75 |
| 80 dwt., 12 k. neck chains........................... | 60 00 |
| | $171 75 |

The plaintiffs gave further evidence tending to show that these articles were delivered to Platky to be sold by him within sixty days, and the prices mentioned in the memorandum returned to them. If they were not sold within that time, then the articles were to be returned to them. They were not sold, and the plaintiffs endeavored to repossess themselves of them. The referee declined to consider this evidence, because he regarded the memorandum as conclusive evidence that a sale had been made to Platky. In this opinion he appears to have been governed by the case of *Bonesteel* v. *Flack* (41 Barb., 435). But that differed from the present case in the circumstance that the instrument must have

been subscribed by the plaintiffs. For it was spoken of and considered as a written bill of sale, which would have been an inaccurate reference if it had been simply an unsigned memorandum, as that was which Platky received. The case of *Durgin* v. *Ireland* (14 N. Y., 322) was in principle the same, for a completed contract appeared to have been there made.

But in this case a mere written declaration was made and delivered, importing a sale of the articles mentioned in it. And like all other mere admissions it could be explained by oral evidence, showing that the transaction was really different from the statement which had been made of it. This would not have been admissible against purchasers for value from Platky acting on the faith of the statement made by the memorandum. As to them it would operate as an estoppel upon the plaintiffs. But this was not a controversy of that description. The defendant had no more right to the articles than Platky had himself. He was merely a personal representative, and had no more title than the intestate himself. As to him it was competent for the plaintiffs to show that the articles belonged to them; and the memorandum, though evidence that a sale had been made of them on a credit of sixty days, did not preclude the plaintiffs from showing the true nature of the transaction, if that were different from the statement which they had made of it by their written admission. (*Filkins* v. *Whyland*, 24 N. Y., 338; *Terry* v. *Wheeler*, 25 id., 520; *Grierson* v. *Mason*, 3 N. Y. S. C. [T. & C.], 185; S. C., 60 N. Y., 394.)

The evidence tended to show that the memorandum was given, to show the prices Platky was required to pay for the articles in the sales he might make of them, and not as evidence of an actual sale to him. If that were the fact, and the articles still remained the plaintiffs' property to be returned to them if they were not sold, as they were not, they should have been allowed to recover in the action. The referee did not consider or decide the point so presented. For that reason the judgment should be reversed, and a new trial ordered, with costs to abide the event.

Davis, P. J., and Brady, J., concurred.

Judgment reversed, new trial ordered, costs to abide event.