Henderson agt. Fullerton.

# N. Y. COMMON PLEAS.

## JAMES HENDERSON, respondent agt. STEPHEN W. FULLERTON, appellant.

*Contract — Attorney and client — rule as to transfers — Written instruments — Oral evidence — When error of the trial judge, in receiving the deposition of a witness, taken de bene esse, not ground for new trial.*

Plaintiff, by an instrument in writing, under seal, in 1855, assigned to the defendant, who was then his attorney, a claim of $1,500 against one Chapman, upon the oral umderstanding that, when collected, the defendant should pay over to the plaintiff one-half of the net amount received.

*Held,* to be a valid contract, and that the admission of oral evidence proving such understanding, did not violate the elementary rule of law, that written instruments are not to be altered or varied, either in their terms or legal effect, by oral proof.

The rule as to transfers from clients to their attorneys, stated.

The witness was examined before the trial, on behalf of plaintiff, *de bene esse,* under an order of the marine court, granted upon an affidavit which did not state that he then contemplated an absence from the state. It only set forth that he was then about to leave the city for Genesee county, where he expected to reside until the ensuing fall. The objection to the sufficiency of the affidavit, was taken upon the examination under the order, but the examination proceeded, and it then appeared from witnesses' testimony that he intended to go from Genesee county to Canada, and afterward to Michigan, and did not expect to be back until autumn:

*Held,* that this did not cure the defect in the affidavit, and if a motion had been made by defendant, before trial, to set aside the proceedings and take the examination off the files of the court, or to suppress it, such motion would have been granted.

*Held,* further, that, if on appeal to the general term, the court are of opinion that substantial justice does not require that a new trial should be had, the error committed by the trial judge in admitting the deposition may be disregarded (*Code, secs.* 1003, 995, 996).

*General Term, January,* 1878.

Henderson agt. Fullerton.

THIS action was tried in the New York marine court. The jury found for the plaintiff. The trial judge, upon a motion made therefor upon his minutes, granted a new trial, and from this order the plaintiff appealed to the general term of the marine court, where, after argument, the order of the trial judge was reversed, and the verdict permitted to stand, for the reasons stated in the following opinion, in which the facts sufficiently appear.

*Charles P. Crosby* and *Fullerton, Knox & Crosby*, for defendant and appellant.

*Jacob A. Gross*, for plaintiff and respondent.

McADAM, *J.* — The plaintiff had a claim against one Chapman, and executed an assignment of it to the defendant, so as to enable him to maintain an action in his own name against Chapman for the recovery of the debt. The plaintiff claims that the assignment was executed pursuant to a previous oral understanding that one-half of the amount ultimately collected should be paid to him after its collection by the defendant. The defendant accepted the assignment, and commenced an action thereunder in his own name against Chapman, which resulted in a judgment in favor of Fullerton, the present defendant, which, after an appeal therefrom to the general term of the supreme court and the court of appeals, and an affirmance thereof by each of said courts, was finally collected by the defendant with the costs of affirmance.

The plaintiff now sues Fullerton, to recover one-half of the amount so collected, excluding the costs, upon the oral understanding which the plaintiff claims formed the real consideration for the assignment.

Upon the trial evidence was given tending to prove the oral agreement alleged by the plaintiff which was met by the defendant upon his cross-examination entirely by want of recollection. No satisfactory reason is given why the plain-

tiff should have given a claim of $1,500 to the defendant unless it be that which is apparent throughout the case, *i. e.*, that under the law, as it existed in this state at the time the assignment was made, 1855, the plaintiff could not have been a witness upon his own behalf, and that he therefore discontinued the action which he had commenced in his own name against Chapman, and after paying his adversary's taxable costs, that he immediately thereafter made the assignment in question to Fullerton, under which the latter commenced and succesfully carried into judgment the identical claim. Upon the trial, the want of sufficient evidence to sustain the oral understanding was not made ground of nonsuit, and the action was tried and submitted to the jury upon the assumption that such an agreement had been proved by the plaintiff and denied by the defendant, making the question one of conflict of evidence, upon which the jury found for the plaintiff, thereby determining in effect that the oral understanding upon which the assignment was executed and delivered, was in fact made in the manner claimed by the plaintiff; and this brings us to the consideration of the important question of law involved in this appeal, *i. e.*, whether it was error in the trial justice to have permitted the plaintiff to prove the oral understanding in question, in the face of the written assignment which the defendant claimed was the only legal evidence of the agreement, and that it could not be altered or varied, either in its terms or legal effect, by oral evidence. The assignment is in the usual form, absolute on its face, and neither reserves any interest in the plaintiff's favor, nor does it create any trust for his benefit.

It purports to have been made "for value received," but in what form or to what amount is not expressed, and the question presented is whether the proof of the oral agreement under such circumstances, on an issue like the present, violates the elementary rule of evidence before referred to. The principle established by the authorities seems to be, that if no consideration be expressed in a written agreement, or if it

Henderson agt. Fullerton.

purports to have been made on divers good considerations, that the true consideration may be proved *aliunde* (*see the various cases on the subject collated in Sugden on Vendors* [*8th Am. ed.*], *vol.* 1, *p.* 238, *note b, and see 6th ed., 3d vol., R. S., p.* 672, *sec.* 124, *and cases cited*), and it is said by judge HUSTON in *Bollinger* v. *Eckhert* (16 *Serg. & R.*, 424) : " We have settled down in this : Whatever material to the contract was expressed and agreed to when the bargain was concluded and the article drawn may, if not expressed in the article, be proved by parol, unless it is expressed contrary in the writing." Upon this principle parol evidence of what passed at the execution of a deed was held admissible in Pennsylvania, to show that the conveyance, though nominally absolute, was in fact for the purpose of enabling the grantor to institute an ejectment in the name of the grantee in the circuit court of the United States (*Ingham* agt. *Crary*, 1 *Penrose & Watts,* [*Penn.*]., 389). In declaring the law in our own state justice COWEN, in *McCrea* agt. *Purmont* (16 *Wend.*, 460), after a review of many of the leading authorities in England and in the United States, says in conclusion : "Looking at the strong and overwhelming balance of authority, as collected from the decisions of the American courts, the clause in question, even as between the immediate parties, comes down to the rank of *prima facie* evidence, except for the purpose of giving effect to the operative words of conveyance. To that end, and that alone, it is conclusive. Such effect, I have no doubt, has long been ascribed to it by conveyancers and dealers in real estate. It is a construction that violates no rule of law, but harmonizes with well-settled principles, and should be steadily maintained and applied whenever the ends of substantial justice may require it" (*McCrea* agt. *Purmont, supra*). This acknowledgment of consideration estops the grantor from alleging that the deed was executed without consideration, prevents a resulting trust in him and forever debars him from denying the deed for the uses therein mentioned ; but for every other purpose it is open to explana-

tion, and may be varied by parol proof (*see cases cited in Sugden on Vendors* [8th Am. ed.], p. 238, note b). There seems to be nothing in the rule referred to, which conflicts with the plaintiff's right to prove the oral understanding upon which the assignment was executed and delivered. He did not prove that the written assignment made by him to Fullerton was executed without consideration, but was allowed to prove what the consideration was as matter of fact. No trust, by implication or otherwise, resulted from the assignment, because it was drawn in form absolute on its face, so as to enable Fullerton to prosecute in his own name an action upon the claims assigned; nor did the verbal understanding impress any trust upon the assignment in Henderson's favor, because all his interest in the claim, as against Chapman, irrevocably passed by that assignment, and the verbal understanding did not operate as a reservation of any part of it. It created an inchoate right of action, however, in Henderson's favor, as against Fullerton, which matured and became complete upon the collection of the judgment. The distinction here pointed out is observable in the authorities. Henderson does not impeach the assignment, and does not deny the validity of the transfer. He merely seeks to enforce, as against Fullerton, the agreement which was the consideration for the transfer, which agreement became efficacious when the transfer produced its results.

In *Durgin* agt. *Ireland* (14 *N. Y.*, 322) an attempt was made by the defendant to impeach the plaintiff's title under an assignment in writing, under seal, absolute on its face, of a chose in action sued upon, by showing that the assignment was made upon the understanding that the moneys, when collected, were to be divided equally between the assignor and assignee, and the court of appeals held to the familiar rule that parol evidence was inadmissible in such an action to contradict a deed or other written instrument. This case was between the assignee of the chose in action on the one hand, and the person against whom the claim assigned existed on

the other, and was not an issue like the present, between the assignor and assignee. That decision is not in conflict with the views hereinbefore expressed, and comes within the distinction before observed, and is not an authority against the right of the assignor to enforce, as against his assignee, the agreement which formed the consideration for the assignment itself. The oral understanding between Henderson and Fullerton to divide the recovery, did not in any way prevent the prosecution of the suit of *Fullerton* agt. *Chapman.* The court of appeals have settled that question in two cases. In *Cummings* agt. *Morris* (25 *N. Y.*, 625) that court held that the indorsee of a note for a consideration, not to be paid till the note should be collected, was the real party in interest to maintain an action thereon. And in *Allen* agt. *Brown* (44 *N. Y.*, 231) the commission of appeals, in speaking of a written assignment of a claim, absolute on its face, purporting to have been made for value received, per HUNT, C., said : " In a case like the present, the whole title passes to the assignee, and he is legally the real party in interest, although others may have a claim upon him for a portion of the proceeds. The specific claim and all of it belongs to him. Even if he be liable to another as a debtor upon his contract for the collection he may thus make, it does not alter the case." To the same effect is *Meeker* agt. *Claghorn* (44 *N. Y.*, 349). These authorities impliedly recognize the same distinction hereinbefore drawn (*see, also, Baker* agt. *Connell,* 1 *Daly,* 469).

In *Ford* agt. *Harrington* (16 *N. Y.*, 286) it appeared that the defendant had been the plaintiff's attorney in previous matters, and advised him to make an assignment to him, of a certain contract for the purchase of a farm, for the purpose of protecting it from his creditors, and the court of appeals held, that although the assignment was made for an unlawful purpose, that the relation of attorney and client, existing between the parties at the time of the assignment, distinguished the case from the ordinary one, of the transfer of property by a debtor

with the intent and for the purpose of defrauding creditors, and a judgment compelling the attorney to reconvey the property to the assignor's representatives was affirmed. Considering the evidence presented upon the trial in view of the preceding case, no legal objection to the plaintiff's right of action can be urged. That case also indicates to what extent the rules of law are construed in favor of clients in their dealings with their attorneys, and that the established rule is to protect the client, if possible.

In the present case the relation of attorney and client existed between Fullerton and the plaintiff at the time the assignment was made. Fullerton was an attorney and the plaintiff was a layman, and technical rules form no barrier to a recovery in a proper case, sustained as this is by what we deem competent evidence. In conclusion, we hold that the evidence showing the true nature of the whole transaction (of which the assignment was only a part) was properly admitted, and that the technical rule excluding oral proof tending to alter or vary the terms or legal effect of the assignment was not violated upon the trial. The adjudication in the action brought by Chapman against Fullerton and Henderson to set aside the assignment in question as collusive and fraudulent is no bar to the present action. It is not an adjudication upon the rights of Henderson as against Fullerton, but merely as between them jointly upon the one hand, and Chapman upon the other, and is not in any legal sense *res adjudicata* as between the parties to the present action. The jury having found the facts in the plaintiff's favor upon conflicting evidence, and there having been no error of law committed upon the trial to the defendant's prejudice, his motion for a new trial should have been denied. The trial justice erred in granting the order setting the verdict aside and ordering a new trial of the action, and his order must therefore be reversed, and the judgment upon the verdict permitted to stand.

SHEA, C. J., and ALKER, J., concurred.

Henderson agt. Fullerton.

The defendant thereupon appealed to the New York court of common pleas, general term, where, after argument before chief justice DALY and judge JOSEPH F. DALY, the decision of the marine court, general term, was affirmed, in and by the following opinion:

J. F. DALY, *J.*— The main question on this appeal is very satisfactorily disposed of in the opinion of justice McADAM at the general term of the marine court, reported above.

It is there shown that this action, in effect, is brought to recover from defendant the agreed consideration for the assignment to him, by the plaintiff, of the claim against Chapman, which claim defendant collected. The evidence offered by plaintiff on the trial does not in any sense tend to vary the written instrument of assignment. To take an assignment absolute on its face of a chose in action, with an agreement that the assignee shall collect by suit and retain one-half the proceeds, and pay over the other half to the assignor, is to purchase the claim, and the consideration of the purchase is the promise to pay the moiety of the collection. The complaint alleged that cause of action, and plaintiff proved it. The exceptions remain to be considered.

The plaintiff proved a subsequent promise of defendant to pay on the occasion on which plaintiff sent to demand the amount sued for in this action. This was admissible as evidence of the original agreement to pay plaintiff half the collection; it was not offered in evidence as a distinct and original promise, and defendant's objection to it that no consideration for it was shown, is not well taken.

The defendant proposed to contradict plaintiff, and so affect his credibility in the minds of the jury, by showing that he, plaintiff, was present at a reference when the assignment in this action was produced and put in evidence.

This evidence could not have the effect of impeaching plaintiff, because he had not sworn that the assignment was not so produced, but only that he did not recollect its produc-

tion at that time and place. He had, it is true, sworn that he had not seen the assignment after he executed it until this suit was commenced ; but it was not claimed that he had seen it, except on the reference, and he was examined closely on that point, with the result referred to — his want of recollection. Defendant's offer to prove what took place at the reference was, therefore, an offer of immaterial evidence.

The most serious exception is that to the admission of the deposition of Richard H. Goodell. He had been examined before the trial, on behalf of plaintiff, *de bene esse*, under an order of the marine court, granted upon an affidavit, which did not state or show that he then contemplated an absence from the state (2 *R. S.*, 392). It only set forth that he was then about to leave the city for Genesee county, where he expected to reside until the ensuing fall. The objection to the sufficiency of the affidavit was taken upon the examination under the order, but the examination proceeded, and it then appeared from Goodell's testimony that he intended to go from Genesee county to Canada, and afterward to Michigan, and did not expect to be back until the autumn. This did not cure the defect in the affidavit, and if a motion had been made by defendant before trial to set aside the proceedings and take the examination off the files of the court, or to suppress it, such motion would, no doubt, have been granted. Defendant made no such motion, however, and we are now called upon to decide whether in the exercise of such a discretion we should order a new trial, because the judge who presided at the trial overruled the objection made to the examination for defect in the affidavit and allowed the testimony given by Goodell *de bene esse* to be read to the jury. If we are of opinion that substantial justice does not require that a new trial of this case should be had, we may disregard the error committed by the judge in admitting the deposition (*Code, sec.* 1003, *secs.* 995, 996). The evidence of Goodell was material; it related to an interview with defendant as to which defendant could and did testify at the trial, so

Henderson agt. Fullerton.

that he had not omitted any preparation for the defense in reliance upon the validity of the objection to the deposition. The objection to the deposition, while it was a perfectly valid one, was a technical one, not affecting the merits, and finally, Goodell did, in fact, design to leave the State, and the facts, if all of them had been stated in the affidavit, would have entitled plaintiff to an order for his examination, so that there was *bona fides* in plaintiff's application for the order and procuring Goodell's deposition. After a long, full and fair trial of the issues before a jury, and a careful review of the case by the general term of the marine court, resulting in a concurrence of so many minds in the justice of the verdict in plaintiff's favor, I am inclined to think that the interests of justice require that the error in ruling discussed on this appeal should be disregarded.

I am in favor of affirming the judgment.

Judgment affirmed, with costs.

DALY, C. J., filed a concurring opinion to the same effect.

Judgment affirmed, with costs.