JOHN N. HUWER, Appellant, *v.* NICHOLAS DANNENHOFFER et al., Respondents.

The parties hereto were formerly partners in the business of manufacturing glass chimneys for lamps, and they adopted the word "Silex" as a trade-mark. The firm was dissolved in June, 1877; the defendants sold to the plaintiff their interest in the real estate used for the business, and in certain specified personal property connected with it. Nothing was said at the time about the good-will of the business, or the trademark, and there was no reference to it in the bill of sale. Thereafter the plaintiff continued the business at the same place, using the same trade-mark. In October, 1877, defendants commenced and thereafter carried on the same business in the same city, using the same trade-mark. In an action to restrain such use, *held,* that assuming the word "Silex" could be used as a trade mark, and that the firm while it existed had the exclusive right so to use it, such exclusive right was not acquired by plaintiff, and the action was not maintainable; that after the dissolution either of the late partners could use it until in some way he had divested himself of that right; that as the trade-mark was not in its nature local, it did not pass as an incident to what was sold; that it was incumbent upon the plaintiff to show himself vested, by some agreement, with the exclusive right to use it; and that this he had failed to do.

*Congress and Empire Spring Co.* v. *High Rock Spring Co.* (45 N. Y. 291), distinguished.

(Argued October 15, 1880; decided November 9, 1880.)

Appeal from order of the General Term of the City Court of Brooklyn, reversing a judgment in favor of defendants, entered upon a decision of the court on trial at Special Term, and granting a new trial.

This action was brought to restrain defendants from the use of the word "Silex" as a trade-mark and for damages, etc.

The facts sufficiently appear in the opinion.

*John O'Byrne* for appellant. The word "Silex" is the proper subject for a trade-mark to designate the origin and ownership of glass chimneys. (*Burnett* v. *Phalon*, 3 Keyes, 594; 5 Abb. [N. Y.] 212; *Schneitzer* v. *Atkins*, 19 Law Times [N. S.], 6; *Prot* v. *Cabridens*, 20 Ann. de la Pro. 369; Coddington on Trade-marks, 449; *Godillot* v. *Hazard*, 12 J. & S. 427–431; *Rillet* v. *Cartier*, 11 Abb. [N. S.] 186.) The trade-mark passed, without express mention, with the assignment of the business. (*Leather Cloth Co.* v. *American Leather Cloth Co.*, 11 Jurist [N. S.], 513; *Congress & Empire Spring Co.* v. *High Rock Congress Spring Co.*, 45 N. Y. 291; *Shipwright* v. *Clemens* [1871], 19 Wend. 599; *Dixon Crucible Co.* v. *Guggenheim*, 7 Phila. 408; *Lockwood* v. *Bostwick*, 2 Daly, 521; *Ainsworth* v. *Walmsley*, 14 Law Times [N. S.], 220; *Hudson* v. *Osborne*, 39 Law Jour. [N. S.] Ch. 79; *Hazard* v. *Caswell & Massey*, Daily Reg., Dec. 16, 1878; *Glen & Hall Manuf. Co.* v. *Hall*, 61 N. Y. 226.) When defendants relinquished all claim to the Long Island Flint Glass Works, they relinquished all right to that which particularly designated its products, which the law will not permit them to carry away and exercise in another place. (*Samuel* v. *Berger*, 24 Barb. 163; Brown on Trade-marks, § 361 *et seq.*)

*Geo. H. Fisher* for respondents. The trade-mark in suit is not a proper trade-mark. (Bump's Law of Trade-marks, 347;

Webster's Dict., titles Silex, Silicia, Silicic Acid, Glass; American Cyclopedia, title Glass; Law's American Dig. 1789–1862, 686; Browne's Law of Trade-marks, 102–191; U. S. Act concerning Trade-marks in U. S. R. S., or Cox's Am. Trade-mark Cases, or Bump's Trade-marks; 1 Phillips' Ev. [4th Am. ed.] 626.) Words may not be appropriated by one to mark an article of his manufacture when they may be used truthfully by another to inform the public of the ingredients which make up an article made by him. (*Caswell* v. *Davis*, 58 N. Y. 223, 234.)

EARL, J. For over three years prior to June, 1877, the plaintiff and defendants, under the firm name of Huwer and Dannenhoffer, carried on the business of manufacturing glass chimneys for lamps, in the city of Brooklyn. Their place of business was called "The Long Island Flint Glass Works," and they adopted the word "Silex" as a trade-mark for the designation of their goods.

In June, 1877, the firm was dissolved and the defendants sold to the plaintiff their interest in the real estate whereon the business was conducted, and also in certain personal property connected with the business; and thereafter the plaintiff continued the same business at the same place, using the same trade-mark. In the month of October thereafter, the defendants commenced to carry on the same business in the city of Brooklyn, and they used the same trade-mark for the designation of the goods manufactured by them.

The plaintiff, claiming that at the time of the sale to him of the real estate and personal property, as above mentioned, he acquired the exclusive right to the trade-mark which had been used by the firm, commenced this action against the defendants to recover damages for the wrongful use of the trade-mark by them, and to restrain its further use. The court, at Special Term, decided the case in favor of the plaintiff; but, upon appeal, the General Term reversed the judgment of the Special Term and granted a new trial on the ground that the exclusive right to the use of the trade-mark had not been acquired by

the plaintiff, and this appeal is from the order granting the new trial.

I will assume, for the purposes of this case, that the word "Silex" could be used as a trade-mark, and that the firm of Huwer & Dannenhoffer, while it existed, had the exclusive right to use it; and yet I am of opinion that the judgment at Special Term was properly reversed, for the reasons given in the opinion pronounced at the General Term.

After the dissolution of the firm, either one of the persons who constituted the firm could use the trade-mark, until in some way he divested himself of the right to use it. It is undoubtedly true that the defendants could, by agreement, vest the exclusive right to use it in the plaintiff. The question is whether they did. And this question must be determined upon the facts found at Special Term, or upon facts not disputed. There was a deed of real estate to the plaintiff, and there was a bill of sale specifying the personal property sold to the plaintiff. It was found that nothing was said at the time of the sale to the plaintiff about the good-will of the business or about the trade-mark, and there was no reference to the trade-mark in the bill of sale; and there was no agreement on the part of the defendants that they would not engage in manufacturing the same kind of goods, or that the plaintiff should have the exclusive right to continue in Brooklyn the business before carried on by the firm.

The deed and bill of sale showed what the defendants sold to the plaintiff. There is no finding that they were executed or taken by the plaintiff in consequence of any fraud or mistake, and hence they must be held to embody the contract between the parties. (*Pickering* v. *Dowson*, 4 Taunt. 779; *Mumford* v. *McPherson*, 1 Johns. 414; *Durgin* v. *Ireland*, 14 N. Y. 322; *Pollen* v. *LeRoy*, 30 id. 549.)

A trade-mark is a species of property which may be sold or transmitted by death with the business in which it has been used. (*The Leather Cloth Company* v. *The Am. Leather Cloth Company*, 4 De Gex, J. & S. 137; *S. C.*, 11 House of Lords Cases, 523; *The G. & H. Manuf. Co.* v. *Hall*, 61 N. Y.

226.) There was no finding and no evidence that the defendants intended by their sale to the plaintiff to divest themselves of their property in this trade-mark. This property did not pass as incident to what was sold. It was no necessary part of what was sold. The trade-mark was not in its nature local. It did not import that the goods upon which it was placed were manufactured or produced in any particular locality. It could truthfully be used upon goods manufactured anywhere, and in these respects it was unlike the trade-mark under consideration in the case of *The Congress and Empire Spring Co.* v. *The High Rock Congress Spring Co.* (45 N. Y. 291). Under the circumstances of this case it was incumbent upon the plaintiff to show that the exclusive right to use the trade-mark was actually, by agreement, vested in him, and this he failed to show.

The order appealed from should, therefore, be affirmed and judgment absolute rendered against the plaintiff, with costs.

All concur.

Order affirmed and judgment accordingly.