MARTIN and MERWIN, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.

---

88  229
92  122

HANNAH M. VAN EPPS, Respondent, *v.* GILBERT H. HARNES, Appellant.

*Verdict of a jury, when not set aside.*

An appellate court will not set aside the verdict of a jury rendered upon conflicting evidence, on the ground that improper testimony was admitted, unless it appears that the result would have been different had the testimony objected to been omitted.

APPEAL by the defendant, Gilbert H. Harnes, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Madison on the 6th day of March, 1894, upon the decision of the court rendered after a trial at the Madison Special Term, assisted by the verdict of a jury upon special questions of fact rendered at the Madison Circuit, adjudging that a

certain mortgage executed by the plaintiff to the defendant had been fully paid and satisfied, and also from an order made at the Madison Special Term on the 3d day of November, 1894, and entered in said clerk's office denying the defendant's motion for a new trial made upon a case containing exceptions.

In this case, after the verdict was rendered answering two specific questions, the judge holding the Circuit found the facts in accordance with the verdict of the jury. The following questions were submitted to the jury : " 1. Has the mortgage executed by plaintiff to defendant in the sum of $200, bearing date the first day of June, 1887, and becoming due and payable on the first day of September, 1890, described and referred to in the complaint and answer herein, been paid and satisfied ? " The jury answered this question by finding "yes." The second question was as follows : " 2. If the said mortgage has not been fully paid and satisfied, how much remains due and unpaid thereon at the time of the trial of this action ? " The jury answered this question by finding " nothing."

Prior to the commencement of this action the plaintiff caused to be prepared a satisfaction piece of the mortgage, and waited upon the defendant with an officer capable of taking acknowledgements and asked him to execute and certify that the mortgage was paid, and he refused. Thereupon this action was commenced, and the issues of fact were brought to trial at a Circuit Court in Madison county.

*Lyman & Hitchcock*, for the appellant.

*S. M. Wing*, for the respondent.

HARDIN, P. J. :

Upon conflicting evidence the jury have found that the mortgage in question was paid. Plaintiff testified it was paid. Her husband supported her, and to some extent she was corroborated by her sister, Mrs. Devoe. On the other hand, the defendant testified the mortgage was not paid, and called his sister, Lizzie Harnes, who gave some testimony tending to corroborate some of the facts and circumstances stated by the defendant in regard to one of the payments. If the jury had believed the testimony of the defendant and discredited the testimony of the plaintiff herself, the verdict would

have been for the defendant. If, on the other hand, the jury had believed the testimony of the plaintiff herself and discredited the testimony of the defendant alone, their verdict might have been for the plaintiff. In determining where the weight of the evidence was the jury had a right to consider the testimony of the plaintiff and of the defendant in connection with the supporting evidence given in behalf of the plaintiff found in the testimony of Van Epps, the husband, and Mrs. Devoe, the sister, whose testimony related more particularly to the alleged payment of the $100, which was the pivotal question of fact at the trial. We think the weight of the evidence supports the verdict of the jury.

(2) It is insisted in behalf of the appellant that an error was committed in allowing the witness Jane Devoe to answer questions propounded to her upon the occasion of the plaintiff visiting her brother when she alleges the $100 was paid. When the question was propounded to her which called for what she saw between the plaintiff and defendant " concerning the payment of this money on the mortgage," she replied, " Can I commence at the beginning and tell ? " Thereupon the court remarked, " Yes, and that is the better way." The witness then stated, " Well, as we drove up they were nearly ready to go home, I think, to their own house, Mrs. Van Epps and her husband, and we asked them why they need hurry, as we had just come they could stay a little longer, so Mr. Van Epps went to the barn with Gilbert and she went in, and says, ' I have come to see Gilbert about the mortgage.' " After this answer was delivered, according to the case, the defendant's counsel objected. Thereupon the court interrupted, " Was that in Gilbert's presence ? " The witness answered, " Oh no ; it was while he was at the barn." Then it seems the defendant's counsel again objected and moved to strike it out as being incompetent and hearsay and not in the presence of the defendant. Thereupon the court stated, viz. : " The conversation is incompetent in that form ; you may state instead of that that she spoke about paying Gilbert money, just the fact." The witness answered, " Well, she did." Thereupon the defendant's counsel objected to and moved to strike out the answer upon the ground that it is incompetent and immaterial and not in the presence of the defendant. To that objection and motion the court replied, " I will rule and hold that she may say as

FOURTH DEPARTMENT, JULY TERM, 1895.                [Vol. 88.

a fact that the subject of paying Gilbert money was mentioned by Mrs. Van Epps, the plaintiff, there ·at that time, simply as a circumstance while the defendant was at the barn." To that ruling an exception was taken, and thereupon the court observed : " Now the question is, what followed. I will admit it, for the purpose of seeing whether it had connection with something else that she saw. Go on, except do not mention any conversation not in Gilbert's presence. Tell what else occurred after she spoke about the money." The witness answered : " She said ——; " thereupon the court interrupted her and said, " No. Not what she said. Did she speak about seeing Gilbert with reference to the mortgage and some money ? " She answered, " She did," and thereafter there was an objection, a ruling and an exception. It is now insisted that hearsay evidence was taken to the prejudice of the defendant. Evidently the court intended to limit, in its ruling, the witness to the introductory fact, with a view of seeing why the witness was able to remember what occurred subsequently. Prior to this ruling the plaintiff ·had been cross-examined by the defendant, and during that examination she had testified, viz. : " I went to the defendant's that day to pay the mortgage. That is how I happened to go. That was my sole business there. I did not go there to inquire about the funeral, for I didn't know it until I got there." It seems that this testimony was drawn from the plaintiff as a witness by the defendant's counsel. Subsequently the husband of the plaintiff was cross-examined by the defendant's counsel, and during the examination he testified as follows : " My wife went there that day to pay him $100. * * * After supper my wife told defendant she came to pay the mortgage, and he said, all right, and she gave him the money and he counted it. In the dining room she gave him the money." It is thus seen that it was proven by two witnesses that the object of the plaintiff's visit on the occasion spoken of was to pay the $100 upon the mortgage, and apparently the defendant drew from the plaintiff and from her husband the fact that such was the object of the visit. No evidence was given in the progress of the trial tending to indicate any other purpose in making the visit to the defendant's house, and if the remarks made by Mrs. Devoe, as to the object of her visit, were stricken from the case, still there would remain the testimony to the effect that the

plaintiff visited the defendant on the occasion spoken of for the purpose of paying the $100 on the mortgage. It is, therefore, difficult to see how the defendant suffered by the remark made by Mrs. Devoe, that she had reached the house for the purpose of paying the money, even if it were assumed to be inadmissible. Under such circumstances we are inclined to say that the exceptions taken during the progress of the testimony of Mrs. Devoe do not present prejudicial error which should lead us to disturb the verdict of the jury. We feel " justified in saying that the result " would not have been different had the remark made by Mrs. Devoe been omitted. The rule laid down in *Root* v. *Borst* (142 N. Y. 69), near the close of the opinion, does not apply. The rulings were much discussed in an opinion delivered by the Special Term when the motion for a new trial on a case and exceptions was heard, and that court seems to have been of the opinion " that substantial justice does not require that a new trial should be granted." (Code Civ. Proc. § 1003.) Under that section it has been said the court may disregard errors in the admission of evidence where substantial justice has been done. (*Henderson* v. *Fullerton*, 54 How. Pr. 422.)

A careful study of the case found in the appeal book has led us to the conclusion that the verdict and decision are in accordance with the weight of the evidence and the apparent equity and justice of the case.

The judgment and order should be affirmed, with costs.

MARTIN and MERWIN, JJ., concurred.

Judgment and order affirmed, with costs.