(26 Misc. Rep. 11.)

## SCHNEIDER v. HEINSHEIMER.

(Supreme Court, Appellate Term. January 23, 1899.)

CONTRACTS—CONSIDERATION.

> After plaintiff had contracted to execute to defendant a bill of sale of shares of stock in a corporation for a certain consideration, he exacted of him a promise to pay a debt of the corporation, in addition to payment of said consideration, before he would execute the bill of sale. *Held*, that the promise was without consideration.

Appeal from municipal court, borough of Manhattan, Tenth district.

Action by Charles Schneider against Alfred M. Heinsheimer. Judgment for plaintiff, and defendant appeals. Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIE-GERICH, JJ.

E. E. Parker and Norbert Heinsheimer, for appellant.
Arnold Charles Weil, for respondent.

GIEGERICH, J.   The written complaint substantially alleges that on or about February 5, 1898, the defendant, in consideration of the transfer to him by the plaintiff of certain shares of stock in the Schneider-Birkenstock Marble Company, and of all the plaintiff's rights and interests in said corporation, promised and agreed to pay, among others, two certain claims belonging to William Schneider and Charles Schneider, Jr., respectively, for $100 each, against the said company, and the assignee thereof; that the said claims were then and there admitted by the parties litigant to be just, and to be due and owing; that prior to the commencement of this action such claims were assigned to the plaintiff, of which assignment the defendant had notice; and that the said claims remain unpaid. The answer is substantially a general denial.   It is undisputed that on February 1, 1898, the plaintiff and one J. W. Birkenstock, representing the firm of Curtell Bros. & Co., of which firm the defendant was a member, entered into an agreement in writing for the sale and delivery within four days of all the capital stock of the above-mentioned company not standing in the name of said Birkenstock, a judgment the latter had recovered against the said corporation, and all his right, title, and interest in the said company, for the sum of $10,000, of which $1,000 was paid upon the signing of the agreement, and the balance to be payable upon the delivery of the bill of sale; it being stipulated that the money so paid should be forfeited in case of the nonpayment of the remainder of the purchase money. On the 5th day of February, 1898, the parties met for the purpose of concluding the transaction; the defendant having brought with him a power of attorney from Birkenstock to him, and his (defendant's) certified check, drawn to the order of the plaintiff, for $9,000. According to the testimony of the plaintiff and his son William Schneider, the former refused to execute the bill of sale, which the defendant's attorney had prepared, unless the defendant assumed the payment of the claims of his sons, the said William Schneider and Charles Schneider, Jr., against the corporation above named, amounting to $150 and $175, respectively; and, the defendant having objected to them on the ground that they were excessive, it was finally agreed that he should pay $100 on each claim, and in consideration of said promise the plaintiff signed the said writing, and received therefor the certified check for $9,000.   Yet the defendant denies in toto the making of such promise, insisting that there was merely a discussion with respect to the said claims,—that he would probably have to pay them, or see that they were paid,— but he made no promise whatever to pay the same.   The defendant called one John B. Johnston as a witness, who testified that he heard some discussion between the parties in regard to the claims, but did not hear whether they were allowed or not.

Upon the close of all the evidence the defendant renewed the motion made when the plaintiff rested, for a dismissal of the complaint, upon the ground, among others, that there was no consideration for the alleged promise of the defendant to pay the claims in suit; but this was denied, and judgment was given for the plaintiff.   It is obvious that such determination was due to a misconception

of the law. The plaintiff was legally bound to sign and deliver the bill of sale in conformity with the agreement theretofore made with Birkenstock, who was present at said meeting between the parties on said February 5th, and assented to its delivery to the defendant, and hence the plaintiff could not impose any conditions whatever as to its performance. The proof shows that the defendant received no other consideration than that mentioned in the said instrument, and, as the plaintiff was under a legal obligation to perform such contract, said alleged promise was nudum pactum. Robinson v. Jewett, 116 N. Y. 40, 22 N. E. 224; Arend v. Smith, 151 N. Y. 502, 45 N. E. 872. As was said by the court in the first-cited case (page 53, 116 N. Y., and page 227, 22 N. E.), "The performance of an act which the party is under a legal obligation to perform cannot constitute a consideration for a new contract."

It logically follows from these views that the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.

