# E. J. McQuaid, Plaintiff in Error, v. George H. Baugh= man, Defendant in Error.

## Gen. No. 16,318.

CONTRACTS—*what nudum pactum.* The promise to carry out an executory contract already in existence, will not support an agreement for additional compensation.

Error to the Municipal Court of Chicago; the HON. HOSEA W. WELLS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Affirmed. Opinion filed February 20, 1912.

**Statement by the Court.** E. J. McQuaid, plaintiff in error, brought suit in the Municipal Court against George H. Baughman, defendant in error, to recover upon an agreement in writing signed by the defendant in error. The case was tried before the court without a jury, and the court found in favor of the defendant in error.

The counsel in the case made and signed an agreed statement of facts from the evidence, which was approved by the trial judge, in substance as follows:

The suit was originally based upon two written instruments introduced in evidence in the course of the

trial, marked ''Plaintiff's Exhibit 1,'' and ''Plaintiff's Exhibit 2,'' respectively.

At the opening of the case it appeared that whatever claim the plaintiff had against the defendant based upon the instrument introduced as ''Plaintiff's Exhibit 1'' could only be recovered in a joint action by the plaintiff and all the parties named in Exhibit 1, whereupon the suit so far as that portion of the claim was concerned, was upon the motion of the plaintiff dismissed, the demand for a jury was withdrawn and the case proceeded to hearing on the plaintiff's claim based upon the instrument introduced as ''Plaintiff's Exhibit 2.''

Both instruments are essential to an understanding of the case and are set out in *haec verba* except for the numbering of the paragraphs, as follows:

Plaintiff's Exhibit 1.

(1)    This instrument made and entered into this 14th day of July, 1902, by and between Herman Janas, Cary N. Hopkins, Howard Durham, E. J. McQuaid and George A. Wishart of Chicago, Cook County, State of Illinois, as first parties, and George H. Baughman, of Chicago, Cook County, State of Illinois, second party, WITNESSETH:

(2)    For and in consideration of the sum of One Dollar by each of the parties hereto in hand paid to the other party, the receipt of which is hereby acknowledged, and other good and valuable consideration herein enumerated, the first parties agree to sell, assign, transfer and deliver and do hereby sell, assign, transfer and deliver to the party of the second part all their right, title and interest in and to three hundred shares of the capital stock of the Chicago Sales Book Company.

(3)    Second party agrees to pay to said first parties, within thirty days from date of this agreement, fifteen hundred dollars and within six months from date of this agreement the further sum of fifteen hundred dollars.

(4)   It is agreed by and between the parties to this agreement that the title to the stock of the Chicago Sales Book Company to be transferred under this agreement shall pass from the first parties to the second party upon the execution of this agreement.

(5)   The second party further agrees in the event of securing the services of A. C. North, of Elkhart, to complete the third checkbook machine, in first-class condition, to pay said first parties on or before twelve months from date of this agreement seven hundred and fifty dollars ($750).   It is hereby agreed that said seven hundred fifty dollars is not to be considered as a part of the purchase price of said stock, but is to be considered as a *bonus,* and in the event of failure of said second party to secure said services of A. C. North as above mentioned, said *bonus* of seven hundred and fifty dollars is not to be paid, but will in such event lapse and wholly fail.

(6)   Further said stock shall be deposited by said first parties, upon signing of this agreement in escrow with the Chicago Title and Trust Company to be delivered to said second party by said company as follows:   One hundred fifty shares upon first payment by said second party; one hundred fifty shares on second payment by second party.

(7)   Further, said first parties do hereby irrevocably constitute and appoint said second party their attorney to transfer the said stock on the books of Chicago Sales Book Company, with full power of substitution in the premises.

Signed and sealed by all the parties above mentioned.

Exhibit 2 reads as follows:

I hereby agree to pay E. J. McQuaid five hundred dollars ($500) as additional *bonus* to sum named in contract of sale of stock in Chicago Sales Book Co. of date July 14, 1902.

Signed, George H. Baughman.   A note under his signature is to the effect that the instrument was amended by him on July 15, 1902.

It appears that the defendant undertook to buy all of the stock owned by the stockholders of the Chicago Sales Book Company and to that end the sale contract was drawn. The plaintiff had the custody of the sale contract for the purpose of delivering the same to the escrow therein named after the contract had been signed by all the parties.

On the fourteenth day of July, 1902, all the parties had signed the contract, and on that day the plaintiff called on the defendant and stated that he was not satisfied with what he, the plaintiff, was getting for his stock and that unless he received something more he would refuse to carry out the agreement; and a discussion was had as to what the plaintiff should receive in addition to the stipulated purchase price. There was a general understanding, but nothing definite was arrived at. On the following day the defendant tendered to the plaintiff an instrument in writing, in words and figures as follows:

"I hereby agree to pay E. J. McQuaid two hundred and fifty dollars ($250) as addition bonus to sum named in contract of sale of stock in Chicago Sales Book Company of date July 14, 1902. I further agree that if the Chicago Sales Book Company earns a dividend at the end of two years from date to deliver to E. J. McQuaid five hundred dollars ($500) par value stock of Chicago Sales Book at such time.

George H. Baughman.

Chicago, July 14, 1902."

The plaintiff expressed his dissatisfaction therewith, stating that he preferred money to stock, and thereupon returned the instrument above set forth to the defendant; whereupon by mutual consent it was amended and modified by striking out the words "two hundred and fifty" and substituting the words "five hundred," and also striking out the following: "I further agree that if the Chicago Sales Book Company

earns a dividend at the end of two years from date to deliver to E. J. McQuaid five hundred dollars par value of stock ot Chicago Sales Book at such time,'' and adding thereto the following: ''Amended by me, July 15, 1902, George H. Baughman.'' Which amended instrument is herein referred to as the promise in writing, and is marked ''Plaintiff's Exhibit 2.''

It further appears that at the time of the making of the original draft of the instrument Plaintiff's Exhibit 2, as above set forth, and also at the time the same was amended and delivered, the sale contract and certificates of stock had not been delivered to the escrow named therein, but were in the possession of the plaintiff. No question is raised as to the payment of the three thousand dollars named in the sale contract, nor as to the delivery of the stock to the defendant, it being admitted that there had been a performance of these provisions.

It does not appear that there was anything said by the plaintiff to the defendant, or by the defendant to the plaintiff, as to any relationship between plaintiff's Exhibit 2 and plaintiff's Exhibit 1, nor was anything said that would establish an intention on the part of either of the parties to connect the promise in writing with any particular portion of the sale contract.

It appears from the agreed statement that the sale contract was signed by all of the parties thereto at the office of the Chicago Sales Book Company in Chicago on the 14th day of July, 1902. The original copy of the contract was then given to the plaintiff, E. J. McQuaid to be deposited by him, together with the certificates of stock, in escrow with the Chicago Title and Trust Company. McQuaid returned to the office of the Chicago Sales Book Company later on the same day, and said to Baughman he would kick over the contract unless Baughman did something in addition for him, as he was not satisfied with what he was getting

for his shares of stock. Baughman told him that rather than have the deal fall through he was willing to make an additional agreement with him (McQuaid), whereupon the defendant prepared the original Plaintiff's Exhibit 2 before the alterations thereon were made, and presented the same to McQuaid. This agreement was not satisfactory to plaintiff, and the next day McQuaid came back to Baughman and Exhibit 2 was altered by the defendant, on its face, and appears as Plaintiff's Exhibit 2 in the statement, and was then delivered to McQuaid by the defendant.

At the close of all the evidence, the court held that in the absence of any evidence indicating the intention of the parties that the interpretation of the promise in writing, Plaintiff's Exhibit 2, was a question of construction for the court, and the court thereupon held that the two instruments must be construed together and being so construed the promise in writing, "Plaintiff's Exhibit 2," was properly interpreted in conjunction with paragraph five of the sale contract, and that the performance of the condition therein contained, which the court held had not been sufficiently established by the plaintiff, was essential to a recovery upon the writing, plaintiff's Exhibit 2, and that in the absence of sufficient evidence to prove the performance of the condition, the court found for the defendant. The court further held that the plaintiff having had in his possession the contract of sale, Plaintiff's Exhibit 1, fully signed by all the parties, for the purpose of delivery in escrow, before the execution of the promise in writing, plaintiff's Exhibit 2, the latter was without consideration and hence void.

PINES & NEWMANN, for plaintiff in error.

WELLS M. COOK, for defendant in error.

MR. JUSTICE F. A. SMITH delivered the opinion of the court.

It is urged on behalf of plaintiff in error, plaintiff below, that different instruments executed as evidence of one transaction at the same time or different times, must be construed as a single instrument, and that where a contract is made upon an ample consideration and is afterward modified by separate instruments, the law constitutes it one contract, and the consideration of the original contract applies to and is sufficient for the modification.

These with other legal principles are urged by the plaintiff in error and are supported by authority; and we are not disposed to question them as principles of law to be applied in proper cases. In our opinion, however, they have no application to the case before us. At the time that Exhibit No. 2 was executed and delivered Exhibit No. 1 was in full force and effect, although it had not been deposited in escrow with the Chicago Title and Trust Company by the plaintiff in error, McQuaid. So far as the contract was concerned it was signed, sealed and delivered and it was placed in the hands of McQuaid as a messenger for deposit with the Chicago Title and Trust Company. It was a completed contract as between the parties. Exhibit No. 2, the instrument sued on in this case, is not a modification of Exhibit No. 1, the contract of sale. It is a separate, independent agreement between two of the parties who signed the contract of sale. It cannot be considered a modification of that contract for the reason that that contract could only be modified by the consent of all the parties to it. The contract sued on was simply the promise of the defendant in error, Baughman, to pay McQuaid an increased compensation for doing what he was legally bound to do, and it was without consideration. It is simply a contract in which the promisee, McQuaid, contracted to do nothing more than he was already obligated to do. The promisee in such case has sustained no detriment and the promisor obtained no benefit, for the reason that

the promisee undertook to do nothing more than he was therefore legally obligated to do. The promise of additional compensation for carrying out an executory contract affords no consideration for a new promise on the part of the party to whom the existing obligation is due. Phoenix Insurance Co. v. Rink, 110 Ill. 538; Crossman v. Wohlleben, 90 Id. 537.

The promise by Baughman to pay a sum to McQuaid additional to that provided in the original contract of purchase, exacted by McQuaid after the execution of the original contract before he would carry out the sale according to its term, is without consideration and is unenforceable. Schneider v. Heinsheimer, 55 N. Y. Supp. 630; Bastian v. Dreyer, 7 Mo. App. 332.

In our opinion the judgment of the court is just, and it is therefore affirmed.

*Affirmed.*