LEVI GOLDENBERGH et al., Appellants, *v.* JACOB HOFFMAN et al., Respondents.

Where the creditors of a failing debtor contract with a third person to sell and assign to him their claims at a certain percentage, in the absence of proof that such third person was acting merely as agent of the debtor, the transaction is to be considered as a purchase and sale, not a compromise; and a creditor who has received the percentage agreed upon, and has assigned his claim, cannot enforce the balance of the indebtedness upon proof simply that some of the creditors received more than the stipulated per cent. for their claims.

A majority of the creditors of the firm of H. & W. agreed to sell their claims to the firm of W. Bros. at fifty per cent. About a month thereafter, H. & W. entered into an agreement with W. Bros., which recited that the latter firm had agreed to render services in effecting a settlement of the debts of the former, and in consideration thereof H. & W. agreed that if W. Bros. should settle all their debts, they would assign to them all their stock. W. Bros. bought up all the debts, paying to some of the creditors more than the stipulated fifty per cent., and received a transfer of the stock. In an action by plaintiffs, who, as creditors of H. & W., had signed the agreement, received the fifty per cent. and assigned their claim, to recover the balance thereof, it was not shown what was the value of the goods transferred. *Held,* that

plaintiffs were not entitled to recover; that even if a liability against W. Bros. was otherwise established, it should have been proved that they had received money or property sufficient to liquidate plaintiffs' debt before they could be called to account.

(Argued April 5, 1877; decided April 17, 1877.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department reversing a judgment in favor of plaintiffs entered upon the report of a referee. (Reported below, 7 Hun, 324.)

This action was brought to recover the balance of an alleged indebtedness due plaintiffs from the firm of Hoffman & Weinberg, composed of the defendants, Jacob Hoffman and Julius Weinberg, and which, as the complaint alleged, the firm of Weinberg Brothers, composed of the other defendants, had assumed and agreed to pay.

Jacob Hoffman and Julius Weinberg, two of the defendants, were copartners in trade and carried on business in Providence, Rhode Island, under the firm name of Hoffman & Weinberg. They were indebted to the plaintiffs, in June, 1873, in the sum of $2,373, and to other creditors in from eighteen to twenty thousand dollars. The defendants, Henry Weinberg and William Weinberg, were copartners in trade carrying on business in Worcester, Mass., under the firm name of Weinberg Brothers. Weinberg Brothers entered into an agreement with the various creditors of Hoffman & Weinberg, including the plaintiffs, which is set forth in the case in the following words: "We, the undersigned creditors of Hoffman & Weinberg, of Providence, Rhode Island, for valuable consideration, hereby agree with Messrs. Weinberg Brothers, of Worcester, Mass., and with each other to sell, assign and transfer unto them all our claims against the said Hoffman & Weinberg on their paying to us twenty-five per cent. thereof in cash, and their notes for twenty-five per cent., endorsed by the said Hoffman & Weinberg, at four and eight months, in equal instalments, bearing date the 1st of July, 1873. Witness our hands and seals, this 12th day of June, 1873."

This agreement was subscribed by a large number, but not by all of the creditors.

Weinberg Brothers paid the twenty-five per cent. in cash, and gave their notes for the remaining twenty-five per cent. in accordance with the agreement, endorsed by said Hoffman & Weinberg; and Hoffman & Weinberg afterwards by an instrument in writing agreed to sell and transfer to Weinberg Brothers all their stock of goods of every kind, nature and description in their store, at Providence, Rhode Island, in consideration of "their services in effecting a settlement of the copartnership debts of Hoffman & Weinberg," and upon condition that "said Weinberg shall settle all the copartnership debts of said firm of Hoffman & Weinberg, and obtain a release from the creditors of said firm." Under and in pursuance of said agreement the debts were cancelled and the goods were assigned.

The plaintiffs were paid by Weinberg Brothers the percentage upon the amount of the indebtedness of Hoffman & Weinberg stipulated for in the agreement first mentioned. It was proved on the trial that some of the creditors of Hoffman & Weinberg, amongst whom were two who had signed the agreement first above mentioned, were paid more than fifty per cent.; and the referee, upon this proof, found that all the defendants were liable for the full amount of the indebtedness of Hoffman & Weinberg to the plaintiffs.

Further facts appear in the opinion.

*William Strauss*, for the appellants. The agreement between defendants and their creditor, became void on a breach of its condition. (*Durgin* v. *Ireland*, 14 N. Y., 322–325; *Crandall* v. *Cochran*, 3 T. & C., 205; *Smith* v. *Countryman*, 30 N. Y., 655; *Hammond* v. *Pennock*, 61 id., 151; *Valton* v. *Nat'l Ins. Co.*, 20 id., 32; *Van Epps* v. *Harrison*, 5 Hill, 63.) Whatever may be fairly implied from the terms of the agreement is in judgment of law contained in it. (*Rogers* v. *Kneeland*, 10 Wend., 219; 13 id., 114; *Booth* v. *Cl. Rolling Mills Co.*, 6 Hun, 591.) The contract and transfer from

defendants to Weinberg Bros., enured to the benefit of the creditors, who may demand a performance of the contract. (*Lawrence* v. *Fox*, 20 N. Y., 268; *Glenn* v. *Hope M. L. Ins. Co.*, 56 id., 379, *Burr* v. *Beers*, 24 id., 178; *Claflin* v. *Ostrom*, 54 id., 581.) A promise to settle a liquidated and undisputed demand is a promise to pay it. (*Stillwell* v. *Coope*, 4 Den., 225; *Pinkerton* v. *Bailey*, 8 Wend., 600.) The word agree implied a mutual contract. (*Oakley* v. *Boorman*, 21 Wend., 588; *Andrew* v. *Pontul*, 24 id., 285; *Johnson* v. *Titus*, 2 Hill, 606; *Barton* v. *McLean*, 5 id., 256; *Justice* v. *Lang*, 42 N. Y., 493.)

*Cornelius A. Runkle*, for the respondents. An agreement by creditors to sell their claims to a third person is valid. (*Babcock* v. Dill, 43 Barb., 584; *Lewis* v. *Jones*, 4 B. & C., 506; *Lepage* v. *McCrea*, 1 Wend., 164–172.)

MILLER, J. The agreement bearing date the twelfth day of June, 1873, between the creditors of Hoffman & Weinberg and Weinberg Brothers, was a sale and transfer of their claims upon the payment of twenty-five per cent. of the same in cash, and the giving of their notes for the same percentage endorsed by Hoffman and Weinberg, as provided. The subsequent agreement of July 21, 1873, recited that Weinberg Brothers had agreed to render services in effecting a settlement of the co-partnership debts of the firm of Hoffman & Weinberg, and that in consideration of such agreement and of such services, Hoffman & Weinberg agreed that if said Weinberg & Brothers shall settle the co-partnership debts of said firm of Hoffman & Weinberg, and obtain a release from the creditors of said firm, that Hoffman & Weinberg will assign and sell to Weinberg Brothers all their stock of goods. Weinberg Brothers paid to the plaintiffs the amount stipulated in the agreement of the creditors, and there was proof to show that some of the creditors, including two who had signed the agreement first entered into, were paid a larger sum. The first agreement was an absolute sale

of the plaintiffs' demand, and the second was made over thirty days afterwards, as therein expressed, in consideration of the prior agreement and services rendered in making the settlement, and after the transaction with the creditors was closed. The testimony does not show an intention to establish a fund to pay all the debts, or to assume the payment of the same absolutely or otherwise than as the purchaser and owner under a valid sale and transfer, which conferred a perfect title to the purchaser of the same. The contract was a mere agreement by a creditor with a third person to accept a less sum than the demand in satisfaction of it, which the law regards as valid (*Babcock* v. *Dill*, 43 Barb., 584; *Le Page* v. *McCrea*, 1 Wend., 164–172), and is not brought within the principle that an action lies on a promise made for a valid consideration to a third person for the benefit of another. (See *Lawrence* v. *Fox*, 20 N. Y., 268.) If the action can be upheld against Weinberg Brothers, it must be on the ground only that they received money or property sufficient to pay the whole debt, and held the same for the benefit of the plaintiffs. There are difficulties in thus sustaining it which we think cannot be overcome. It is not shown what was the value of the goods sold and transferred, and Weinberg Brothers may have paid for anything which appears already under the first agreement more than they received in value from the property sold them by Hoffman & Weinberg. It should have been proved at least that they had property or funds more than sufficient to liquidate the debt of the plaintiffs before they could be called to account at all.

This defect in the evidence would be fatal to a recovery, even if a liability was otherwise established. The allegation of fraud is not established by the evidence, and it is nowhere shown that any false representation was made in obtaining a transfer of the property, and the case is not brought within the rule that false representations which affect the price of property, and are relied upon, render the contract void. (*Smith* v. *Countryman*, 30 N. Y., 655; *Van Epps* v. *Harrison*, 5 Hill, 63; *Hammond* v. *Pennock*, 61 N. Y., 151.) Nor

is fraud to be inferred as a conclusion of law, unless the facts clearly point in that direction. Weinberg Brothers are not shown fraudulently to have induced any one to have signed the agreement, and the payment afterwards of more than the creditors stipulated, of itself, and independent of proof that they had realized more than enough to pay the price agreed upon, does not establish fraud. They may have paid more than they actually received in value, and there should at least have been some proof of the value before it can be claimed that there was fraud. The agreement first entered into contained no condition that all the other creditors consent to take the same percentage, and hence is not brought within the rule laid down in *Durgin* v. *Ireland*, (14 N. Y., 322–325). And the principle there stated has no application. Nor is the case within the doctrine which is applicable to compromises and compositions made by the debtor with the creditor, where one creditor is prohibited from securing any undue advantage over another. While a deed of composition only extinguishes the debt when it is carried into effect, no such rule can be invoked when the debt has been assigned and transferred to another person for a valuable consideration, as was the case here. We concur with the views expressed in the opinion of the General Term, that the transaction as one of purchase and sale in which the liability of the debtor passes from the original creditor to the purchaser, and the debt is not compromised in such manner that the creditor can enforce any balance of the indebtedness by simply proving that some other creditor received more than himself upon a sale of his claim. We are also of the opinion, independent of the views expressed, that the agreement of Weinberg Brothers with Hoffman & Co. in substance was an undertaking of the former to procure a settlement of the debts of the latter, and gave no right of action in favor of the plaintiff or any other creditor against Weinberg Brothers.

The findings of the referee were insufficient to uphold the judgment, and the General Term were right in reversing the same.

The order must therefore be affirmed, and judgment absolute for defendants on stipulation with costs.

All concur, EARL, J., absent.

Order affirmed and judgment accordingly.