[No. 6217. Decided September 7, 1906.]

J. A. HARRIS, *Respondent,* v. GEORGE ZIER, *Appellant,*
VALENTINE MILLER *et al., Defendants.*[1]

PARTNERSHIP—DISSOLUTION— AUTHORITY OF PARTNERS— TERMINA-
TION. After a partnership has ceased to do business and all its assets
are in the hands of a receiver or held under attachment, the firm
is dissolved so that one partner could not bind the other by acts con-
stituting a fraud on creditors or render such other liable therefor, he
having no knowledge thereof.

COMPOSITION WITH CREDITORS—PARTNERSHIP—ASSIGNMENT—FRAUD
—SALE OF ACCOUNTS. Where all the partnership assets are in the
hands of a receiver or held under attachment, and a third person is
induced by one of the partners to buy out the interest of the other
partner for $4,500, and to purchase all the claims of creditors at
eighty-five cents on the dollar, taking assignments thereof, and en-
tering the firm, the transaction does not constitute a composition with
creditors, but is a sale of the accounts; and the same is not vitiated
by the fact that one of the partners secretly paid the balance due to
one of the creditors, in order to induce it to sell its claim at the
aforesaid discount, where there is nothing to show that any of the
creditors agreed to sell their claims only on condition that all credit-
ors sold at the same rate, and where the purchaser had no notice of
such payment.

Appeal from a judgment of the superior court for Spo-
kane county, Kennan, J., entered January 19, 1906, upon
findings in favor of the plaintiff, after a trial on the merits,
before the court without a jury, in an action against a re-
tiring partner, on partnership liabilities. Reversed.

*Zent & Lovell,* for appellant.

*Belt & Powell,* for respondent.

MOUNT, C. J.—The plaintiff brought this action to re-
cover a balance alleged to be due upon a large number of
claims assigned to him by the creditors of a copartnership
known as Kissler & Zier. Plaintiff recovered judgment
against the defendants Kissler & Zier for the full amount
claimed. The defendant Zier prosecutes this appeal.

[1]Reported in 86 Pac. 928.

The facts are these: The defendants Conrad Kissler and George Zier were copartners doing a general merchandise business at Odessa, Washington, under the firm name of Kissler & Zier. In the month of March, 1902, the partnership became financially embarrassed. It was unable to meet its matured obligations. The assets of the firm amounted to about $30,000, and the liabilities amounted to about $16,000. The partners had some difficulty between themselves, and Zier brought an action to settle up the affairs of the partnership, and upon his application a receiver was appointed. About the same time one of the largest creditors, viz., Wyman, Partridge & Company, brought an action against the copartnership, and attached certain of the property. While these two actions were pending, the defendant Miller was induced to purchase the interest of Zier in the copartnership. Miller agreed to do so if the creditors would consent to discount their claims fifteen per cent to him. A meeting of the creditors was called at Spokane, where all were represented and fully informed and understood the object of the meeting. All agreed to accept from Miller eighty-five per cent of their claims, except Wyman, Partridge & Company, who refused to take less than the face of their claim. Mr. Kissler, without the knowledge of Zier or Miller or of the creditors, had a secret agreement with the agents of Wyman, Partridge & Company, by which Kissler himself was to pay the fifteen per cent, and Wyman, Partridge & Company thereupon agreed to accept from Miller the other eighty-five per cent of their claim. Mr. Kissler then informed Mr. Miller and the creditors that Wyman, Partridge & Company would take eighty-five per cent of their claim in settlement thereof. Mr. Miller then, on March 19, 1902, entered into a written agreement with the creditors that he would pay all the creditors of the firm of Kissler & Zier eighty-five per cent of their claims, and take an assignment thereof to himself. A few days later all the creditors, with the exception of Wyman,

Partridge & Company, entered into an agreement in writing that they would accept from Mr. Miller eighty-five per cent in full satisfaction of their claims against Kissler & Zier. Mr. Miller, within the time named, paid all the claims as he had agreed to do, and took an assignment thereof, and thereupon purchased Mr. Zier's interest in the copartnership, paying him $4,500 therefor. The suits were then dismissed, and Kissler and Miller entered into a corpartnership and thereafter conducted the business in the name of Kissler & Miller. Subsequently, Kissler & Miller failed or dissolved their copartnership, and in the year 1905 Kissler informed the attorneys of the secret agreement which he had made with the agents of Wyman, Partridge & Company, as above stated. Thereupon certain creditors who had taken part in the agreement with Miller as above stated assigned their claims to respondent, who at once began this action.

The foregoing is a fair statement of the facts as testified to by Mr. Kissler, who was the chief witness for the respondent. Upon these facts the lower court found, that the transaction between Miller and the creditors of Kissler & Zier was a composition between the copartnership of Kissler & Zier and their creditors; that the agreement between Kissler and Wyman, Partridge & Company, without the knowledge of the other creditors, was a fraud upon the creditors and vitiated the composition; that Kissler and Zier were partners at the time, and that knowledge of Kissler was imputed to Zier by reason of the copartnership; that Miller not being then a partner and having no knowledge of Kissler's conduct, was not liable for the balance due on the claims. The court, upon substantially these findings, entered a judgment dismissing the action as to Miller, and entered a judgment against Zier for the amount sued for. Kissler having defaulted in the action, a judgment for the same amount was entered against him.

We think the trial court was in error in holding that the knowledge of Kissler was imputed to Zier, and that the agreement of the creditors with Miller was a composition between the firm of Kissler & Zier, and its creditors. It is the rule that each partner is the agent of the partnership, within the scope of the partnership business. 22 Am. & Eng. Ency. Law (2d ed.), pp. 23, 1035; 1 Lindley, Partnership (2d ed.), p. 476. But such agency ceases upon dissolution of the copartnership, where notice thereof is given. 1 Lindley, Partnership (2d ed.), p. 504; 2 Lindley, Partnership, p. 1286. One member of a partnership after dissolution cannot bind the partnership except so far as necessary for winding up its business. 1 Lindley, Partnership (2d ed.), p. 525. The rule is stated at page 531, 1 Lindley on Partnership, *supra*, as follows:

"Other cases, which have been already referred to, clearly show that after the dissolution of an ordinary partnership, no one aware of the dissolution is entitled on any ground of implied agency to hold the members of the late firm responsible for acts done by each other subsequently to the dissolution; and every one must feel the force of Lord Kenyon's observation in *Abel v. Sutton*, that, if the contrary doctrine were to prevail, a man could never know when he was to be at peace and freed from all the concerns of the partnership."

In this case, at the time of the meeting of the creditors in Spokane, when they agreed with Miller to accept eighty-five per cent in full settlement of their claims against the copartnership of Kissler & Zier, all the creditors knew that the partnership had ceased to do business, and that all the assets of the firm were either in the hands of the receiver or held on attachment in favor of Wyman, Partridge & Company. The partnership had been dissolved so that neither party could bind the other upon any new contract, and especially by a fraud practiced by one of the former members for his own benefit where the others knew nothing of the fraud. If the transaction could be held to be a settlement of the partnership

debts by the fraud of one of the partners, and either had benefited thereby, the partner who had unwittingly benefited by the transaction would no doubt be bound. But in this case, at the time of the agreement of Miller to purchase the interests of Zier in the copartnership, there appeared to be a substantial difference between the assets and the liabilities of the firm, which differences amounted to about $14,000. Zier was willing to sell his interest in these assets to Miller for $4,500. Miller desired to purchase at that price, provided the creditors were willing to settle their claims and assign the same to him at eighty-five cents on the dollar. All the creditors, with the exception of Wyman, Partridge & Company, knowing the conditions and being fully informed, were willing to receive from Miller eighty-five cents on the dollar. Kissler was no doubt anxious to relieve the assets of the firm from litigation and receive Mr. Miller as a new partner in the business. Miller, Kissler, Zier and the creditors were all informed of the conditions existing, and were dealing at arm's length, each one for himself. There is no showing in the record that any creditor refused to take eighty-five per cent of his claim, or agreed to take that amount upon condition that all should do so. The showing is undisputed that Mr. Miller refused to pay the claims unless all would consent to receive from him eighty-five per cent and assign their claims to him. All consented except Wyman, Partridge & Company, who refused until Kissler himself agreed to pay the difference upon this claim. Then Miller, without notice of what Kissler had done, paid the claims, and the same were assigned to him, and upon the strength of that assignment, he then paid $4,500 to Zier and took over Zier's interest in the copartnership.

This transaction simply operated to reduce the number of creditors of the firm of Kissler & Zier. It did not reduce the indebtedness. That remained the same, and was owing to

37—43 WASH.

Miller alone, and not to numerous others. It was therefore not a composition between the copartnership and its creditors. The transaction was simply a sale of the accounts to Miller. *Goldenbergh v. Hoffman,* 69 N. Y. 322; *Henry v. Murphy & Co.,* 54 Ala. 246; 8 Cyc. 481 (b). If Miller had been acting as the agent of Kissler & Zier, and the creditors had been led to believe that they were releasing their claims to the firm of Kissler & Zier, or if certain creditors had agreed to settle their claims at eighty-five per cent, in the belief and understanding that all the creditors were to receive the same amount, then the fraud practiced by Kissler would no doubt have avoided the whole transaction, and they could now recover the balance. But no such facts appear in the case. Miller was acting for himself. He purchased and paid for the claims of the creditors. These claims were assigned to him "with full power and authority to collect the same in full and by process or otherwise, but in his own name and at his own expense." The creditors all understood the reason why Miller desired the claims and, having sold them to Miller and received the purchase price, they cannot now, by assigning the same claims to some other party, maintain an action in that other party's name and recover the profit which of right belongs to Miller. Especially is this the rule in the absence of a showing that they were induced to sell their claims at eighty-five per cent in consideration that all should receive the same price.

We are therefore constrained to hold that the trial court should have dismissed the action as to the appellant Zier. In view of the conclusion we have reached upon this question, it becomes unnecessary to consider other questions presented upon the briefs.

The judgment against appellant Zier will therefore be reversed, and the action dismissed as to him, at respondent's cost.

HADLEY, FULLERTON, RUDKIN, and DUNBAR, JJ., concur.

CROW, J., took no part.