(No. 13848.—Judgment affirmed.)

CURT TEICH, Appellee, *vs.* THE CITY OF CHICAGO, Appellant.

*Opinion filed June 22, 1921.*

1. LIMITATIONS—*when cause of action accrues to recover fund deposited with city to cover damages for vacation of street.* The cause of action to recover a fund deposited with a city treasurer to cover damages arising from the vacation of a street does not accrue until five years after the vacation ordinance becomes effective.

2. CONTRACTS—*when illegal contract will not bar recovery in appropriate action.* Courts will not lend their sanction and aid to illegal contracts by allowing a party to recover thereon, but where a party can show a right of recovery without relying on the illegal contract and without having the court sanction the same he may recover in any appropriate action.

3. MUNICIPAL CORPORATIONS—*city is estopped to set up illegality of vacation ordinance in action to recover fund deposited for damages.* In an action of assumpsit to recover a fund deposited with a city to cover damages arising from the vacation of a street the city is estopped to set up the illegality of the vacation ordinance and to deny the truth of the facts set up in the ordinance, and where demurrers have been sustained to special pleas setting up the illegality and the city stands by its pleas, the court may direct a verdict for the plaintiff and refuse to admit testimony of the defendant to prove the facts alleged in the special pleas.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH B. DAVID, Judge, presiding.

SAMUEL A. ETTELSON, Corporation Counsel, (HENRY T. CHACE, JR., and GILBERT G. OGDEN, of counsel,) for appellant.

WINTERS, PRICE & STEVENS, and ELLIS D. WHIPP, for appellee.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

This action is assumpsit by Curt Teich, appellee, against the city of Chicago, appellant. The declaration consisted of the common counts and a special count on an ordinance of said city by which it is disclosed that the west 265.6 feet of the 20-foot east and west alley in the block bounded by Oakdale avenue, the north line of the north branch of the Chicago river, North Leavitt street produced south, and North Oakley avenue, was vacated by the city, and that appellee deposited $774.59 with the city treasurer to indemnify the city against any damage which might be recovered against it by private persons for damages resulting to such persons by reason of such vacation. Appellee averred in his declaration that no damages of any character had been paid by appellant or recovered against it and that no suit or suits of any character were brought against it on account of any damages claimed by reason of said vacation within five years from the date the ordinance became effective. On November 12, 1919, appellant filed a plea of the general issue, and a plea of the Statute of Limitations that the cause of action did not accrue at any time within five years before commencement of suit. It also filed four pleas of the inoperation of the Statute of Limitations as to certain third persons under disability, which were disregarded at the trial. It also filed three special pleas setting up defenses to the effect that the ordinance in question is illegal and was passed solely for the benefit of appellee, that the money was paid by appellee with knowledge that the ordinance was illegal and void, and that he is not entitled to have return of the amount so paid. Issue was taken by appellee on all of the pleas except the last three, to which the court sustained a demurrer, and appellant stood by its pleas. A trial was had before a jury and judgment was rendered

for the appellee in the sum of $774.59. The court granted a certificate of importance and an appeal to this court, and also certified that the cause involved the validity of a municipal ordinance, and that in the opinion of the court the public interests require that the appeal be taken to this court.

There is no question on the facts, the facts alleged in the special count of the declaration being either proved or admitted by appellant on the trial. Appellant made an offer at the trial to prove the facts alleged in its special pleas, to which the court sustained a demurrer after appellee had made proof of the facts alleged in the special count of his declaration. The court refused to admit the evidence and on motion of appellee directed a verdict in his favor. Appellant relies on this action of the court, and also on the action of the court in sustaining the demurrer to its special pleas as ground for reversal. These special pleas all allege that the $774.59 mentioned in the ordinance was not paid by appellee to appellant for damages which might be claimed and recovered against the city by property owners to their property by reason of the vacation of the alley, as set forth in its ordinance, but that said amount was illegally paid to appellant by appellee solely as a consideration for the city council's action in vacating the alley and for the purpose thereby of benefiting appellee's property located on the alley, and without any intention that the money would be paid out by the city to property owners for damages and without any intention that the same would be re-paid to appellee under any circumstances but would be retained by the city as a consideration for its illegal action aforesaid, and that both appellee and appellant are equally culpable in said transaction, both having equal knowledge of the character and illegality of the contract.

The court committed no error in refusing to admit the offered testimony of the appellant and in directing a verdict in favor of appellee. The Statute of Limitations was no bar to the suit, as the ordinance did not become ef-

fective until February, 1912, and the cause of action accrued five years thereafter to appellee. Appellee made out his case by the introduction of the ordinance, proof of its passage, payment of the money, and the other facts alleged in the declaration necessary for him to recover. He thus proved right of recovery by proof of a perfectly valid and legal transaction and which was recited in the ordinance itself. Although, in fact, equally culpable with appellant, appellee was entitled to recover if he could show that right without relying on and proving the illegal contract set up in the special plea. He could not have recovered if he had had to rely on and prove the illegal and void contract set up in the special pleas. A party to such an illegal contract cannot recover by proving such illegal contract and the carrying out of the same by him, for the simple reason that courts will not lend their sanction and aid to such illegal contracts by allowing one to recover thereon. (*Kearney* v. *Webb*, 278 Ill. 17.) In a case where such a party can show a right of recovery without relying on the illegal contract and without having the court sanction the same he may recover in any appropriate action. It is also well established that the defendant cannot defeat the plaintiff's right of action by setting up the illegal contract, which was really the actual foundation of plaintiff's claim. The defendant is estopped in law and equity to urge as a defense the illegality of the contract in fact made between the parties, and appellant in this case is estopped from stultifying itself by urging the illegality of the ordinance in question as a defense to appellee's claim and to deny the truth of the facts recited by it in its ordinance, as we have repeatedly held. *Smyth Co.* v. *City of Chicago,* 294 Ill. 136; *Lockwood & Strickland Co.* v. *City of Chicago,* 279 id. 445.

The judgment of the superior court is affirmed.

*Judgment affirmed.*