[No. 35452. Department One. November 25, 1960.]

ABE DEN ADEL, *Respondent,* v. EDWIN BLATTMAN *et al.,*
*Appellants.*[1]

[1]Reported in 357 P. (2d) 159.

*Frederick Paul,* for appellants.

*Lycette, Diamond & Sylvester, Earle Zinn,* and *Meade Emory,* for respondent.

OTT, J.—September 13, 1956, Edwin Blattman and Doris. Blattman, his wife (hereinafter referred to as the owners),. entered into a written contract with Abe Den Adel (hereinafter referred to as the contractor) for the construction. of a residence upon their lot in Seattle, on a payment basis. of the cost plus a fixed fee of twelve hundred dollars. The owners obtained financing from the Washington Mutual Savings Bank (hereinafter referred to as the bank). The owners and the contractor were aware that the bank. would make a loan only when the payment for the construction of the residence was on a lump-sum contract. basis, and the borrowers otherwise qualified therefor.. February 19, 1957, the owners being otherwise qualified,. a properly executed lump-sum building contract was submitted to the bank to meet the loan requirements.

February 24, 1957, an addendum was attached to the· September 13, 1956, agreement between the owners and. the contractor which provided that the parties would. nevertheless adhere to the cost plus the fixed fee payment basis for the construction of the residence. The contract. of September 13, 1956, as amended, was at all times the·

instrument which governed the conduct of the contractor and the owners. Both parties actively concealed the existence of the actual building construction agreement from the bank.

June 11, 1957, the contractor executed a "Receipt and Lien Waiver," together with an affidavit stating that all bills had been paid, delivered them to the bank in accordance with the bank's requirements, and received from the bank the balance of the owners' loan in the sum of $4,138.79. After applying this amount, there remained unpaid and due the contractor on the cost plus fixed fee construction contract the sum of $1,701.50.

The contractor commenced this action to recover the balance allegedly due him and to foreclose his claim of lien upon the property, subject to the mortgage of the bank.

From a judgment in favor of the contractor, the owners appeal.

The appellants state that

"This appeal admits the truth of the Findings. The appeal, therefore, is based on the contention that the Conclusions of Law flowing therefrom should be to dismiss the Complaint."

Appellants rely particularly upon the court's finding of fact No. 14, which is as follows:

"When plaintiff applied to the Washington Mutual Savings Bank of [sic] June 11, 1957, for the balance of the mortgage funds, he indicated to Bowen Thayer, also known as Paul Thayer, of said Bank, that he had received directly from the defendants the balance of the defendants' own funds which they were to have expended, signed, without the then knowledge of the defendants, an instrument denoted 'Receipt and Lien Waiver' acknowledging that plaintiff had been paid in full by said Bank and said defendants, and an affidavit stating that all bills had been paid and 'all bills to be paid in full with this draw'. Said instrument and affidavit were false. The Bank withheld the sum of $100.00 to cover the hanging of the light fixtures and the installation of the finish hardware and paid to the plaintiff from its funds the sum of $4138.79, which would not have been paid plaintiff if he had not signed said receipt and lien waiver and said affidavit."

Appellants contend that this finding of fact establishes that the parties conspired to defraud the bank, and that neither can enforce the terms of such a contract against the other, citing *Sinnar v. LeRoy*, 44 Wn. (2d) 728, 270 P. (2d) 800 (1954); 12 Am. Jur. 677, § 178; 17 C. J. S. 548, § 195.

 The rule announced in the cited case is not apropos to the facts presented by this appeal for the reason that the contract which was furnished to the bank is not the contract upon which a judgment is here sought. The contract that the parties entered into for the construction of the residence, and which is the basis of this proceeding, was a valid cost plus fixed fee contract. In order for the contractor to recover under it, he simply had to prove that he had performed its terms and that the owners had refused to pay. The means by which the owners raised the money to make their payment to the contractor was not a part of the contract he sought to enforce. The instant case falls within the principle of law announced in *Melton v. United Retail Merchants of Spokane*, 24 Wn. (2d) 145, 161, 163 P. (2d) 619 (1945):

"It is, therefore, apparent that the state of our law governing the matter under discussion is substantially the same as set out in the following quotation from *Teich v. Chicago*, 298 Ill. 498, 501, 131 N. E. 605, 606:
"' . . . *In a case where such a party can show a right of recovery without relying on the illegal contract and without having the court sanction the same he may recover in any appropriate action.* . . .' (Italics ours.)"

Applying this rule to the instant case, appellants' first assignment of error is without merit.

 Appellants next contend that the receipt to the bank acknowledging that all bills were paid estopped the respondent from asserting that there remained an unpaid obligation. In order to assert estoppel, the party claiming it must have relied upon the representation made and been misled thereby, to his injury. *State v. Northwest Magnesite Co.*, 28 Wn. (2d) 1, 182 P. (2d) 643 (1947); *Butler v. Supreme Court of the Independent Order of Foresters*, 53

Wash. 118, 101 Pac. 481 (1909). Neither of these essential elements of the doctrine of estoppel is here present.

We find no merit in this contention.

◼ Appellants next assert that they are third party beneficiaries and, as such, the receipt to the bank that all accounts were paid inures to their benefit. The contract which is the basis of this action established a separate obligation which appellants agreed to pay. The receipt the contractor gave to the bank did not satisfy the consideration which supported the private cost plus fixed fee agreement of the parties. Further, the doctrine of third party beneficiary cannot be asserted as a defense to the payment of an obligation arising out of a contract. The doctrine is applicable only in determining who may enforce the terms of a contract. *Ridder v. Blethen,* 24 Wn. (2d) 552, 166 P. (2d) 834 (1946).

We find no merit in this assignment of error.

◼◼ Appellants next contend that the court erred in its conclusion of law which granted to respondent a labor and materialman's lien on appellants' residence property. With this contention, we agree. The contractor's right to claim a labor and materialman's lien upon the residence property arises solely out of the statutes which grant it. *Standard Lbr. Co. v. Fields,* 29 Wn. (2d) 327, 187 P. (2d) 283, 175 A. L. R. 309 (1947). It is a statutory grant *in rem,* not one *in personam.* When the contractor released the property from the lien, the right to claim it against the specific property was waived. The contractor knowingly and intentionally waived his right. The record shows that, as a condition precedent and as a part of the consideration for the payment of $4,138.79, the bank required that the contractor waive his right to claim a lien upon the specific residence property. The contractor accepted the final payment on the bank's terms and, in writing, waived his right to claim a lien upon the property.

◼ Finally, appellants move to strike the court's oral opinion from the record because it was brought before this court as a part of the transcript, and is not properly certi-

fied by the court and included in the statement of facts, as provided by Rule on Appeal 35, RCW Vol. 0.

The respondent contends that the court's oral opinion may be included in the transcript under Rule on Appeal 44, RCW Vol. 0, which provides:

" . . . the clerk of the superior court, shall prepare . . . a transcript containing a copy of so much of the record and files as the appellant shall deem material to the review of the matters embraced within the appeal. . . . And in case the respondent deems any part of the files or record not already sent up to be material to the review of the matters embraced within the appeal, he may cause the clerk, in like manner, at his expense, to prepare, certify, and send up a supplementary record on appeal embracing such omitted files or records . . ."

Rule on Appeal 44 does not govern the statement of facts. It relates only to the transcript containing "so much of the record and files as the appellant shall deem material," and permits the respondent to have the clerk prepare and certify a supplemental transcript "embracing such omitted files or records." The oral opinion of the court is not a part of the "files or records," but is a part of the trial proceedings which, together with the other rulings of the trial court, must be included in the statement of facts and certified by the court. The court's oral opinion is not properly a part of the transcript in the instant case and is, therefore, stricken.

The judgment of the trial court relating to the establishment of a lien and lien foreclosure is reversed, and, in all other respects, the judgment is affirmed. Since neither party has completely prevailed, neither will recover costs.

WEAVER, C. J., MALLERY, DONWORTH, and FINLEY, JJ., concur.

----

January 24, 1961. Petition for rehearing denied.