[No. 37910.  Department One.  January 6, 1966.]

L. M. BAUGH, *Appellant*, v. DUNSTAN & DUNSTAN, INC. *et al.,*
*Respondents.**

*Reported in 409 P.2d 658.

*Lycette, Diamond & Sylvester* and *Herman Howe,* for appellant.

*Vance, Davies, Roberts & Bettis,* for respondents.

HUNTER, J.—This is a suit on a promissory note executed by defendant (respondent) Dunstan & Dunstan, Inc., and delivered to plaintiff (appellant) L. M. Baugh. After commencement of this action, Dunstan & Dunstan, Inc., was dissolved, and defendant Paul Dunstan assumed all liabilities of the corporation. Mr. Dunstan will accordingly be treated as sole defendant on this appeal.

The note was for the principal amount of $20,000, and was part of a rather complicated series of transactions involving three real estate contracts, a written assignment of one of these contracts, and two letters of instructions to the Seattle Trust & Savings Bank, which was holding one of the contracts under a type of escrow arrangement.

In view of our disposition of this appeal, we need only consider two of the instruments in this series of transactions: the $20,000 note and a real estate contract. The note was made payable to L. M. Baugh, and signed by defendant corporation through its president and vice-president. On the lower left-hand face of the note was typed the following: "Down payment on building 1923½ 1st Ave., Seattle." The real estate contract was executed by the plaintiff and defendant for the sale to the defendant of this 1st Avenue building.

Plaintiff brought suit on the promissory note, and the case was tried to the court sitting without a jury. The trial court concluded that there was a failure of the consideration specified on the face of the note, that the parol evidence rule precluded plaintiff from showing an additional or different consideration, and that the recital of consideration

on the note and the execution of the real estate contract for the sale of the 1st Avenue property were for the sole purpose of unlawfully obtaining a possible federal income tax advantage. Judgment was entered dismissing the action with prejudice. Plaintiff appeals.

■ Plaintiff contends the trial court erred in determining that the note and 1st Avenue contract were executed for an unlawful purpose. The record shows that no assignments of error were made to the trial court's findings of fact; therefore, we must accept them as verities. *Hoke v. Stevens-Norton, Inc.*, 60 Wn.2d 775, 375 P.(2d) 743 (1962); *Fain v. Nelson*, 57 Wn.2d 217, 356 P.2d 302 (1960); Rule on Appeal 43, RCW vol. 0. The following are the pertinent findings:

III

The plaintiff and defendant executed a Real Estate Contract (Plaintiff's Exhibit No. 3), which describes the said 1st Avenue property. The said Real Estate Contract was not recorded with the King County Auditor; no Real Estate Excise Tax was paid thereon; no monthly installments of the purchase price, as specified in the said contract, were ever paid to the plaintiff, nor was any demand or request therefor ever made by the plaintiff; no notice of intention to declare a forfeiture nor declaration of forfeiture was ever served or delivered by the plaintiff; nor did the parties in any other manner treat the said document as a binding or effective contract for the sale of the property therein described, nor intend by the execution of the said document, or otherwise, to enter into a binding or effective contract for the sale of said 1st Avenue property.

V

The Real Estate Contract which is Plaintiff's Exhibit No. 3, was executed for the sole purpose of obtaining a possible Federal income tax benefit for the plaintiff, by disguising the proposed payment of $20,000 by the defendant to the plaintiff as a payment for property.

The foregoing findings clearly support the following conclusion of law by the trial court:

III

The recital of consideration on the promissory note and the execution of Plaintiff's Exhibit No. 3 was with the

intent and for the sole purpose of misrepresenting the true nature of the transaction between the parties, which would have enabled the plaintiff unlawfully to obtain a possible Federal income tax benefit. This court should not lend its aid to either party in enforcing contracts made for the said purpose.

■ Plaintiff contends, however, that it is a taxpayer's prerogative to select such method of handling a transaction as will result in a lesser tax liability. The law does permit taxpayers to utilize whatever bona fide means are granted by the law to minimize tax liability. However, the trial court found, in effect, that the real estate contract for the sale of the 1st Avenue building was a sham. The recital on the face of the note, connecting it to this sham contract, could not be ignored by the trier of the facts. *Sinnar v. LeRoy*, 44 Wn.2d 728, 270 P.2d 800 (1954). The trial court correctly refused to aid knowingly in the furtherance of an illegal transaction. It was not necessary to have shown that the purpose was carried through to fruition. *Sinnar v. LeRoy, supra; Goodier v. Hamilton*, 172 Wash. 60, 19 P.2d 392 (1933).

Plaintiff argues, however, that even if the contract for the sale of the 1st Avenue building had an illegal purpose, he is suing on the promissory note—not the contract—and should be permitted to recover thereon. Plaintiff relies upon *Den Adel v. Blattman*, 57 Wn.2d 337, 357 P.2d 159 (1960), and *Melton v. United Retail Merchants of Spokane*, 24 Wn.2d 145, 163 P.2d 619 (1945), to support his contention.

■ Neither case relied upon controls the present factual situation. In the present case, the recital on the face of the promissory note furnishes a direct connection between it and the illegal transaction. In neither of the cited cases was it necessary for the complaining party to rely in any manner upon the illegal transaction, nor was there the direct connection provided by the recital of consideration as in the present case.

In view of our disposition of the case, it is not necessary to consider the other assignments of error.

The judgment of the trial court dismissing the action of the plaintiff is affirmed.

ROSELLINI, C. J., OTT and HALE, JJ., and BARNETT, J. Pro Tem., concur.