[No. 39312.    Department Two.    October 24, 1968.]

WENDELL R. POTTER, *Appellant,* v. MADISON TAVERN,
*Respondent.*\*

*Walsh & Webster* and *Walter E. Webster, Jr.,* for appellant.

*Jager & Austin* and *Jerome L. Jager,* for respondent.

HAMILTON, J.—This appeal stems from a personal injury action arising out of an altercation between patrons of the corporate defendant, Madison Tavern, which altercation occurred outside the tavern. The cause was tried to the court sitting without a jury and resulted in a judgment of dismissal. The plaintiff, feeling aggrieved, has appealed. The dispositive issue presented by the assignments of error is narrow and we outline the facts but briefly.

On the evening of July 1, 1965, plaintiff and several companions patronized the Madison Tavern, as did one Duane Lewis, an 18-year-old, and his companion, who was also a minor. All were served beer. The tavern was crowded, and as the evening progressed several arguments

\*Reported in 446 P.2d 320.

and some scuffling developed in and about the portion of the tavern where Lewis and his companion were located. Although some of plaintiff's companions were involved in the disputes, plaintiff was not. As conditions worsened, and the closing hour approached, the tavern management asked all patrons of the tavern to leave. As the exodus took place, Lewis accosted plaintiff at the door, but disengaged when plaintiff advised that he had no part in any argument. Thereafter, Lewis ran to his automobile across the street and procured a tire iron or lug wrench which he commenced to wield rather indiscriminately and with injurious effect. In the meantime, plaintiff had crossed the street and was proceeding peacefully toward his abode when he came upon Lewis who was then preparing to inflict another blow upon one of his fallen foes. This prompted plaintiff to caution Lewis about the seriousness of again striking the fallen individual with the tire iron, whereupon Lewis turned and struck plaintiff on the head and leg with the weapon. Plaintiff's injuries were serious.

Plaintiff commenced this action against the defendant tavern, alleging negligence on the part of the tavern's management in permitting minors on the premises, serving them with intoxicants, and otherwise failing to properly supervise them or the other patrons. The defendant generally denied plaintiff's allegations.

At the conclusion of the trial, the court entered the following pertinent findings of fact and conclusions of law:

That although the evidence established that the said Duane Lewis was served beer on defendant's premises, there was no evidence that he at any time was or became intoxicated while in the defendant's premises. Finding of Fact No. 6.

That while there was evidence that the said Duane Lewis had been in defendant's premises on two previous occasions, there was no evidence that the defendant, or its agents or employees, had any knowledge of any vicious tendencies or propensities on the part of the said Duane Lewis, nor that he was known to the defendant or

its agents or employees as a vicious character. Finding of Fact No. 14.

That the selling of beer to the said Duane Lewis, a minor, while in violation of law, was not negligence per se, nor was there any legal causal connection between the fact of said sale and the injuries sustained by the plaintiff. Conclusion of Law No. 2.

That while the defendant owed a duty to exercise reasonable care to see to it that its patrons were not injured on its premises, it was not an insurer of the safety of its patrons and its duty did not extend beyond its premises and to the point where the plaintiff sustained his injury. Conclusion of Law No. 3.

Plaintiff, along with other assignments of error directed to the trial court's denial of his various motions and refusal to enter proposed findings of fact and conclusions of law, assigns error to conclusions of law Nos. 2 and 3 quoted above. He does not assign error to any of the trial court's findings of fact, including as they do, findings of fact Nos. 6 and 14. The trial court's findings of fact, therefore, become the established facts of the case. Rule on Appeal 43, RCW vol. 0; *Colella v. King Cy.*, 72 Wn.2d 386, 433 P.2d 154 (1967); *Baugh v. Dunstan & Dunstan, Inc.*, 67 Wn.2d 710, 409 P.2d 658 (1966); *Bignold v. King Cy.*, 65 Wn.2d 817, 399 P.2d 611 (1965).

The primary thrust of plaintiff's argument on appeal is that defendant's sale of intoxicants to the minor, Lewis, violated both its common law duty as a tavern keeper to exercise due care as well as the statute prohibiting such sales,[1] and as such constituted negligence proximately causing plaintiff's injuries.

We need not now decide nor extensively discuss the question of whether the defendant's catering to the minor, Lewis, constituted negligence, for, assuming it did, the crucial issue is whether such conduct constituted the proximate cause of plaintiff's injuries.

---

[1] RCW 66.44.320 provides: "Every person who shall sell any intoxicating liquor to any minor shall be guilty of a felony."

As heretofore indicated the trial court found as an unchallenged fact that the minor, Lewis, was not at any time intoxicated while in the tavern and that, so far as the defendant's management personnel were aware, he was not possessed of any vicious propensities. A reading of the trial court's oral opinion, as well as conclusion of law No. 2, *supra,* reveals that the trial court determined as a matter of fact as well as a matter of law that, under the circumstances as the trial court found them to be, the plaintiff had failed to establish a causal connection between defendant's sale of beer to Lewis and Lewis' subsequent behavior outside the tavern.

Our reading of the record, satisfies us that the trial court, as the finder of the facts, was entitled under the evidence adduced to so find and conclude. We accordingly will not disturb this determination.

Secondarily, plaintiff contends that defendant negligently caused his injuries because of a failure of its employees to properly supervise and regulate the conduct of patrons on the premises, thus permitting an atmosphere of violence to be created which culminated in the subsequent assaults outside the premises.

We have no quarrel with plaintiff's thesis to the effect that a tavern keeper, though not an insurer of the safety of his patrons, owes them the duty to exercise reasonable care and vigilance to protect them from reasonably foreseeable injury, mistreatment or annoyance at the hands of other patrons. Indeed, we have so held in *Waldron v. Hammond,* 71 Wn.2d 361, 428 P.2d 589 (1967), and *Miller v. Staton,* 58 Wn.2d 879, 365 P.2d 333 (1961).

Assuming, without deciding, that the tavern keeper's duty and responsibility may, under certain circumstances, extend to tortious acts committed outside the confines of the tavern by patrons who have departed the tavern, it is certain that a significant key to such liability is the foreseeability of the injury complained of. This, in turn, presents a question of fact insofar as it bears upon the issues of negligence and proximate cause.

In the instant case, the evidence is conflicting as to the nature and degree of the disputes occurring within the tavern and as to precisely who the precipitators and participants were. Likewise, there is disagreement in the evidence as to the measure of control asserted by the management personnel and the success thereof. Added to this is the trial court's specific findings that Lewis was not intoxicated and that he was not known by the tavern management personnel to be of a vicious temperment.

Under these circumstances, we are again convinced that the evidence sustains the trial court's finding and conclusion that liability for the acts of Lewis after he departed the tavern did not flow to the defendant tavern.

The judgment is affirmed.

FINLEY, C. J., HILL and HUNTER, JJ., and BRADFORD, J. Pro Tem., concur.