[No. 11-40060-3.   Division Three.   December 16, 1969.]

GRACE C. GIBBS, *Respondent,* v. PAUL J. HURN *et al.,*
*Appellants.*

*William C. Harrison,* for appellants.

*Sidney R. Buckley* and *Daniel L. Collins,* for respondent.

MUNSON, J.—Plaintiff, Grace C. Gibbs, brought an action to reform a real estate contract. Defendants, Paul J. Hurn and wife, cross-complained, alleging nine causes of action. The trial court held for the defendants on plaintiff's complaint and denied all defendants' claims therein. Plaintiff does not appeal. Defendants appeal only six of the original nine claims.

In November of 1962, plaintiff entered into negotiations to sell to defendants and Donald Spencer her grain and cattle ranch in Stevens County. Their negotiations were conducted through the Garringer Realty Company, a partnership composed of Robert and Fred Garringer. Defendants subsequently acquired Spencer's interest. During every stage of the negotiations, plaintiff insisted all mining property was to be excluded from the sale. Through an admitted error in the legal description, only 40 of the 60 acres of mining property were excluded. This error was discovered approximately 2 years after the close of the transaction.

In oral argument before this court, counsel agreed that all evidence adduced by the parties in the instant case and its companion case of *Garringer v. Hurn,* 1 Wn. App. 485, 462 P.2d 556 (1969) should be considered in passing upon the merits of defendants' assignments of error.

Four of the six cross-claims are based on alleged torts committed by plaintiff's agent, Fred Garringer, in: (1) negligently misrepresenting to defendants the southern boundary of Gibbs' ranch, and (2) negligently drafting the description of the property to be excluded from the sale. In order for a principal to be liable for the torts of her agent, it is essential that the tort liability of the agent be established. In the case of *Garringer v. Hurn, supra,* it was held that Fred Garringer was not liable for either of the alleged torts; thus, the corresponding cross-claims against Mrs. Gibbs are without merit.

Defendants contend plaintiff breached her implied covenant of quiet enjoyment by commencing her reformation action. The reformation suit was not brought to challenge defendants' title or to take land which had been granted, but rather to conform an existing written agreement to the intention of the parties at the time of its execution. *Meyer v. Young,* 23 Wn.2d 109, 159 P.2d 908 (1945). There is no allegation by defendants that Gibbs' action was brought to harass them or with any malicious intent of plaintiff. In seeking recourse through the court, Mrs. Gibbs was acting within her rights. Her claim presented a valid justiciable issue which, under the evidence presented, could have been decided in her favor by the trial court. Defendants' claims are not well taken.

Defendants' remaining claim against plaintiff for interference with their logging operation is unsupported by any evidence.

Judgment affirmed.

EVANS, C. J., and GREEN, J., concur.

---

Petition for rehearing denied January 21, 1970.