[No. 12-40061-3.    Division Three.    December 16, 1969.]

Robert K. Garringer, *Respondent*, v. Paul J. Hurn *et al.*,
*Appellants.*

*William C. Harrison,* for appellants.

*Sidney R. Buckley* and *Daniel L. Collins,* for respondent.

Munson, J.—Defendants Paul J. Hurn and wife, appeal from a judgment in favor of Robert Garringer, plaintiff, in an action on a promissory note and from the dismissal of their cross-complaint.

In April of 1963, Robert Garringer, from his personal funds, loaned Paul Hurn $3,000, evidenced by a promissory note. The Hurns borrowed this money in order to make a payment on a real estate contract negotiated with Mrs. Grace Gibbs in November of 1962 through the Garringer Realty Company, a partnership composed of Robert and Fred Garringer. The companion case of *Gibbs v. Hurn,* 1 Wn. App. 483, 462 P.2d 555 (1969) may be consulted for details of the real estate transaction. After making one payment on the note the Hurns defaulted.

In April of 1966, Mrs. Gibbs commenced an action to reform the real estate contract. As a result of that suit

defendants claim injury and seek to interpose the alleged damages suffered therefrom in cross-claim to Robert Garringer's present action on the note. Defendants contend the Gibbs suit was brought to remedy the negligence of Fred Garringer in drafting the description of property to be excluded from the sale to defendants; and thus the Garringer partnership is liable for the ensuing damage. The Hurns also contend that while showing them the Gibbs ranch, Fred Garringer misrepresented the location of its southern boundary and thereby caused them to suffer a loss of 244 acres from their original purchase.

■ We find no factual substantiation that the Hurns' obligation under the note was really one running to the Garringer partnership and not to Robert Garringer personally. In any event, it is elementary that a partnership's tort liability becomes the separate liability of each partner and may serve as a foundation for cross-claim in an action brought by a partner in his individual capacity. *Grissom v. Hofius,* 39 Wash. 51, 80 P. 1002 (1905).

In oral argument before this court, counsel for both parties agreed both the record of the instant case and that of *Gibbs v. Hurn, supra,* should be considered in judging the merits of defendant's assignments of error.

Upon examination of both statements of facts, we find there is substantial evidence to support the trial court's finding that

> [Fred Garringer] was not negligent in any representation made as to the south boundary. . . . [And] [a]ny . . . action [*i.e.* drafting the description of the property to be excluded from the sale] by Fred Garringer even though it be determined to be negligent would not have caused the Defendants in this action any loss.

There is a complete failure on defendants' part to establish the ground location of the southern boundary as different from either that described in the deed or that pointed out by Mr. Garringer during the Hurns' inspection of the ranch. Furthermore, Mr. Hurn admitted at trial that he knew Garringer was not positive of the line's position when he showed them its approximate location.

In addition, Paul Hurn was admittedly present during the drafting of the description and participated therein. He was aware that not all of the property sought to be excluded by Mrs. Gibbs was excluded, but nevertheless he purchased the property and by so doing, voluntarily vitiated any liability of Fred Garringer. *Ewer v. Johnson,* 44 Wn.2d 746, 270 P.2d 813 (1954). Thus, in purchasing the ranch his action becomes the intervening proximate cause of his own injury for which he now seeks recovery by cross-complaint, *i.e.,* (a) the alleged loss of $30,000 profit from a sale due to the reformation suit, and (b) expense, legal and other, to defendants in defending against Mrs. Gibbs' action. W. Prosser, The Law of Torts 328, § 51 Intervening Cause (3d ed. 1964).

Defendants' remaining assignments of error are without merit.

Judgment affirmed.

EVANS, C. J., and GREEN, J., concur.

---

Petition for rehearing denied January 21, 1970.