[No. 6620–1. Division One. November 19, 1979.]

STANLEY C. MARSZALK, ET AL, *Appellants,* v. DONALD
C. VAN VOLKENBURG, ET AL, *Respondents.*

---

*James J. Mason,* for appellants.

*Elvidge, Veblen, Tewell, Bergmann & Thorp* and *John Veblen,* for respondents.

WILLIAMS, J.—This action was brought by Stanley and Gretchen Marszalk against Donald C. Van Volkenburg to recover damages for the defective design and construction of two combined residential and commercial structures built on Camano Island in Island County. In an amended complaint, Ermie Alburas, alleged to be a copartner of Van Volkenburg, and the alleged copartnership, Van Volkenburg–Alburas Architects, were joined as party defendants on the claim for defective design. Alburas and the copartnership moved for partial summary judgment dismissing them from the case. The motion was granted and the cause was then tried to the court without a jury resulting in a judgment in favor of Marszalk against Van Volkenburg. This appeal by Marszalk challenges the partial summary judgment dismissing Alburas and the copartnership. We affirm.

The uncontradicted evidence before the trial court at the time the summary judgment was granted was that in 1969, Van Volkenburg and Alburas became general partners to practice architecture under the name "Van Volkenburg and Alburas." In 1975, the parties agreed to go their separate ways except for projects involving previous clients or public works. This agreement is evidenced by a written memorandum prepared January 10, 1975, but signed in May or June of 1977. In addition, there is evidence in affidavit form from Van Volkenburg and Alburas and in records of account showing that the partnership was restricted to former clients and public work after January 1975. On June 23, 1977, the two parties signed a formal "Dissolution of General Partnership Agreement."

From 1969 until the June 23, 1977, agreement of dissolution, the firm name of Van Volkenburg and Alburas was carried on the sign at each of the architect's offices and listed in the regular and classified sections of the telephone directory. Marszalk and Alburas never met and Marszalk did not know of the existence of Alburas until after this action was commenced.

Marszalk's principal contention is that Alburas is responsible for Van Volkenburg's negligent work because of RCW 25.04.130 which reads:

Partnership bound by partner's wrongful act. Where, by any wrongful act or omission of any partner acting in the ordinary course of the business of the partnership or with the authority of his copartners, loss or injury is caused to any person, not being a partner in the partnership, or any penalty is incurred, the partnership is liable therefor to the same extent as the partner so acting or omitting to act.

A nonacting partner such as Alburas would be bound under the rules of agency, if the acting partner, Van Volkenburg in this case, was acting within the scope of the partnership business. RCW 25.04.090, *Melosevich v. Cichy*, 30 Wn.2d 702, 193 P.2d 342 (1948). As was said in *Swanson*

*v. Webb Tractor & Equip. Co.,* 24 Wn.2d 631, 648, 167 P.2d 146 (1946):

It is a well–settled rule that the authority of a partner to act as agent for the partnership is limited to such transactions as are within the scope of the partnership business, and, conversely, that neither the partnership nor the other partners are bound by the unauthorized act of one partner in a matter not within the apparent scope of the business of the partnership.

Under the undisputed facts before the court, Van Volkenburg's actions in designing the structures for Marszalk were not "in the ordinary course of the business of the partnership"; therefore, Alburas is not responsible unless he may be bound upon some other theory.

 Marszalk contends that Alburas is responsible for the judgment because the firm name was carried on the office signs and was listed in the telephone directory. This argument might be persuasive if Marszalk had relied upon the exhibition of the firm name in those ways. The rule, stated in *Lowenstein v. Whitelaw,* 178 Wash. 428, 431, 34 P.2d 1108 (1934), is that:

One is liable to third persons as a partner only when a partnership actually exists, or when, by his conduct, he is estopped from denying it.

Unfortunately for Marszalk, he did not know of any connection between Van Volkenburg and Alburas and, hence, there is no estoppel. *Den Adel v. Blattman,* 57 Wn.2d 337, 340, 357 P.2d 159 (1960).

Marszalk's remaining contentions are insubstantial.

The judgment is affirmed.

JAMES, J., concurs.

DORE, J. (concurring)—Defendants Alburas were dismissed as defendants on a motion for summary judgment. The trial judge held as a matter of law that the Marszalk building project was not a partnership project of architects Van Volkenburg and Alburas. The granting of the summary judgment of dismissal was improper if there were any issues

of fact raised in the pleadings and supporting affidavits. The nonmoving plaintiff Marszalk is entitled to any inferences from such evidence in his favor.

The sole issue involved in the subject case is whether or not the Marszalk project was a partnership project of Van Volkenburg and Alburas or the project of architect Van Volkenburg, an independent architect.

Pursuant to RCW 25.04.130, partners of a copartnership are jointly and severally liable for the torts committed by one partner acting in the ordinary course of the business of the partnership over the authority of his copartners. *Garringer v. Hurn*, 1 Wn. App. 485, 462 P.2d 556 (1969). In *Garringer*, the court stated that it is elementary that a partnership's tort liability becomes the separate liability of each partner. If, however, the copartnership is dissolved, the rule as stated above does not apply.

In *Harris v. Zier*, 43 Wash. 573, 576, 86 P. 928 (1906), it was stated: "One member of a partnership after dissolution cannot bind the partnership except so far as necessary for winding up its business."

A key document, designated exhibit B and attached to one of the affidavits, provided as follows:

January 10, 1975

It is hereby mutually agreed as an amendment to our partnership agreement that from the above date only those projects involving previous clients and/or public work will be a part of the partnership. All other work will be done by the individual acquiring the work without compensation or responsibility to the partnership.

The partnership group insurance is to be continued for the partnership as a part of this amendment.

Any separate business of either partner, architectural or otherwise, shall not be a part of the amended partnership and therefore neither partner shall be held liable for the other's separate business ventures.

/s/ Donald C. Van Volkenburg
Donald C. Van Volkenburg
/s/ Ermie C. Alburas
Ermie C. Alburas

If this amendment to the partnership agreement of the two architects Van Volkenburg and Alburas was in existence prior to Marszalk's retaining architect Van Volkenburg, it follows that the Marszalk architectural project was not a partnership project but the separate project of Van Volkenburg. Both architects in their affidavits and depositions testified that the above memorandum was agreed to prior to January 10, 1975. However, they both also agree that such memorandum was not signed until June 23, 1977. These statements seem to raise some question as to whether or not the memorandum was in effect prior to the Marszalk architectural project.

The architectural drawings of Van Volkenburg, prior to the agreement of January 10, 1975, identified the partnership as Van Volkenburg and Alburas, Architects. Architectural drawings subsequent to January 10, 1975, identified only the individual architect Van Volkenburg. In the subject case the Marszalk building project plans set forth a logo in large print across the face of the drawing as "Architect Donald C. Van Volkenburg, A.I.A." To me this is conclusive evidence that the partnership logo had been changed to the logo of the individual architect meaning Marszalk was not a previous client. Clearly Marszalk was a "new" client and was not included in the continuation of the partnership of Van Volkenburg and Alburas.

I agree with the majority that the trial court correctly dismissed Alburas as a party defendant.